Filed 12/23/14  P> v. Tlahuitzo CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

THE PEOPLE,

      Plaintiff and Respondent,               A142770

      v.                                   (Sonoma County
                                            Super. Ct. Nos. SCR-590599,

PAUL ANGELO TLAHUITZO,        SCR-571005)

      Defendant and Appellant.

_____/

      In case No. SCR-590599, appellant Paul Angelo Tlahuitzo pled no contest to felony assault with force likely to produce bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and misdemeanor active participation in a criminal street gang (§ 186.22, subd. (a)).  In case No. SCR-571005, appellant pled no contest to felony robbery (§ 211) and admitted personal use of a firearm (§ 12022.5, subd. (a)) and criminal street gang (§ 186.22, subd. (b)(1)(C)) enhancements.  Appellant entered his pleas and admissions with the understanding he would receive an aggregate 11-year prison sentence.  The court found appellant's waivers, pleas, and admissions were voluntary, knowing, and intelligent and sentenced appellant to a total term of 11 years pursuant to the negotiated disposition.

      Over two years later, appellant filed a "Petition for Sentence Reduction and Resentencing" in propria persona.  Appellant: (1) claimed his sentence was "*illegal*[;]"

---

[1]     All further statutory references are to the Penal Code.

(2) cited Proposition 36, known as the Three Strikes Reform Act of 2012 (§ 1170.126); (3) alleged ineffective assistance of counsel in connection with his plea; and (4) argued his sentence violated principles articulated by the United States Supreme Court in *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*). The court denied the petition, concluding "[t]his was an agreed-upon resolution pursuant to [section] 1192.5; defendant signed waiver form agreeing to this sentence."

Appellant filed a notice of appeal in propria persona and we appointed counsel to represent him on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Court-appointed counsel presents no argument for reversal, but asks this court to conduct an independent review of the record pursuant to *Wende*. (*Id*. at pp. 441-442.) Counsel informed appellant he had the right to file a supplemental brief on his own behalf but appellant declined to do so.

The denial of a section 1170.126 petition is appealable. (*Teal v. Superior Court* (2014) 336 P.3d 686.) We have conducted our independent review and find no arguable issues. Appellant's sentence was not "illegal." Appellant was ineligible for resentencing pursuant to section 1170.126 because he admitted personal use of a firearm in the commission of a felony pursuant to section 12022.5, a violent felony listed in section 667.5, subdivision (c)(8). (§ 1170.126, subd. (e)(1); *People v. Hicks* (2014) 231 Cal.App.4th 275.) *Cunningham* — which held unconstitutional California's former determinate sentence law assigning the trial judge authority to find facts to expose a defendant to the upper term, rather than the then presumptive middle term — does not assist appellant because he accepted a negotiated plea that allowed him to avoid a potentially harsher sentence. (*People v. Hester* (2000) 22 Cal.4th 290, 295; *People v. Osuna* (2014) 225 Cal.App.4th 1020.) Trial counsel adequately represented appellant at every stage of the proceedings.

## DISPOSITION

The order denying appellant's "Petition for Sentence Reduction and Resentencing" is affirmed.

2

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.