Filed 8/31/15  P. v. Pontod CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE, | C076997 |
| Plaintiff and Respondent, | (Super. Ct. No. SF112457A) |
| v. | |
| MANUEL RAY PONTOD, | |
| Defendant and Appellant. | |

Defendant Manuel Ray Pontod filed a petition for recall of his indeterminate life sentence and resentencing pursuant to Penal Code section 1170.126.[1]  The trial court denied his petition, finding he was ineligible for resentencing because he was armed with a firearm during the commission of the offense.  Defendant appealed.  We shall affirm the order denying his petition.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We take the facts of defendant's current crime from our prior opinion affirming his conviction. (*People v. Pontod* (May 30, 2013, C065925) [nonpub. opn.]; see *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [prior appellate opinion admissible to prove ineligibility in section 1170.126 proceeding] (*Guilford*).)

Defendant was one of three individuals inside a car involved in a traffic stop. He was seated in the right rear passenger seat, and was the only person seated in the rear. As officers approached the car, defendant appeared to be trying to cover something up on the floorboard. When one of the officers, who was standing at the right rear side of the car, shone his flashlight toward the interior of the car, he saw the handle of a .44-caliber revolver at defendant's feet, and saw defendant move like he was trying to kick the gun forward. A search of the car revealed a .44-caliber revolver under the rear portion of the right front passenger seat and a box of .44-caliber ammunition on the rear passenger seat. Additionally, an officer testified a mechanism under the front passenger seat acted as a barrier, which would have made it unlikely the .44-caliber revolver had been pushed from the front.

Defendant was convicted by a jury of being a felon in possession of a firearm (§ 12021, subd. (a)) and ammunition (§ 12316, subd. (b)(1)), and the trial court found he had two prior strike convictions. He was sentenced to 25 years to life in prison.

In September 2013, defendant petitioned for recall of his sentence pursuant to section 1170.126, subdivision (b). The trial court denied his petition, finding that whether defendant was "armed during the commission of [the offense]" could be proved by either actual or constructive possession showing he had exercise of dominion or control over the weapon, and that "[b]y kicking the firearm with his foot, [defendant] was exercising dominion and control of the firearm when he tried to kick it under the front

2

seat. Therefore, he was armed during the commission of this felony and . . . he is ineligible for resentencing." Defendant timely appealed.

## DISCUSSION

### I. Possession of a Firearm May Render an Inmate Ineligible for Resentencing

Within certain parameters, section 1170.126 permits three strikes inmates serving life terms for felonies that are neither serious nor violent to petition for resentencing. (§ 1170.126, subds. (b), (e)(1).) Section 1170.126 was added by Proposition 36, the Three Strikes Reform Act of 2012 (Reform Act). Certain factors render an inmate ineligible for resentencing. The factor at issue in the present appeal is set forth in section 1170.126, subdivision (e)(2), which renders an offender ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm or deadly weapon . . . ." (§ 667, subd. (e)(2)(C)(iii).)

Defendant argues the disqualifying provision of section 1170.126 for those "armed with a firearm or deadly weapon" requires a tethering felony, as the arming and use enhancements codified at sections 12022 and 12022.5 require, and cannot be based on a conviction solely premised on illegal firearm possession. This court rejected the identical argument in both *People v. Elder* (2014) 227 Cal.App.4th 1308 (*Elder*) and *People v. Hicks* (2014) 231 Cal.App.4th 275 (*Hicks*).

The enhancement statute (§ 12022) provides in part that "a person who is armed with a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . " (*id*., subd. (a)(1)). The Supreme Court has interpreted the words "in the commission of a felony" to require "that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*People v. Bland* (1995) 10 Cal.4th 991, 1002.) As we explained in *Hicks*, being "armed" for purposes of the imposition of additional penalties pursuant to

the enhancement provisions in section 12022 requires the defendant have the firearm " 'available for use *to further the commission of the underlying felony*.' " (*Hicks*, *supra*, 231 Cal.App.4th at p. 283.)

However, *Hicks* further explained that "unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the [Reform Act] disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '[*d*]*uring* the commission of' the current offense (italics added)." (*Hicks*, *supra*, 231 Cal.App.4th at pp. 283-284.) *Hicks* concludes that such language means there must be a temporal nexus between the arming and the underlying felony, but there need not be a facilitative nexus. (*Id*. at p. 284.)

Likewise in *Elder* we stated that the illogic of defendant's reasoning "rests on . . . conflating the *criterial definition* of an ineligible *offense* (being armed during the commission of such offense) with the derivative nature of the armed *enhancement* (which requires being armed *in* the commission of an offense)." (*Elder*, *supra*, 227 Cal.App.4th at p. 1313.) Other cases have reached the same conclusion. (See *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797 [and cases cited therein] (*Brimmer*).) Defendant does not present any argument that convinces us these cases were wrongly decided.

Defendant invokes the rule of lenity, arguing that "if the statute is in any way ambiguous" the court must "apply the rule of lenity and construe the statute in his favor." Since we find nothing ambiguous in the meaning of being armed "[d]uring the commission of the current offense" (§ 667, subd. (e)(2)(C)(iii)) or in the Reform Act's lack of a requirement for pleading and proof of ineligibility, the " 'rule of lenity' " invoked by defendant has no relevance. (*Elder*, *supra*, 227 Cal.App.4th at p. 1315; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1035 (*Osuna*).)

4

## II.  Defendant Is Not Entitled to a Jury Trial

Defendant contends the Sixth and Fourteenth Amendments to the United States Constitution mandate that a jury find beyond a reasonable doubt that he was "armed with a firearm" during the commission of the offense before he could be deemed ineligible for resentencing because his conviction for possession of a firearm does not necessarily entail a finding that he was armed.  We disagree.

In *Guilford*, *supra*, 228 Cal.App.4th at pages 662 to 663, we concluded:  "This contention already has been resolved against defendant.  '[T]he United States Supreme Court has already concluded that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws.'  [Citations.]  [¶] Contrary to defendant's view, nothing in *Alleyne v. United States* (2013) 570 U.S. ___ [186 L.Ed.2d 314] assists him.  As described by our Supreme Court, in *Alleyne*, 'the United States Supreme Court held that the federal Constitution's Sixth Amendment entitles a defendant to a jury trial, with a beyond-a-reasonable-doubt standard of proof, as to "any fact that increases the mandatory minimum" sentence for a crime.'  [Citation.] The denial of a recall petition does not increase the mandatory minimum sentence for a defendant's crime."  (See *Hicks*, *supra*, 231 Cal.App.4th at p. 286 [the court properly makes factual determinations for purposes of deciding eligibility for resentencing under section 1170.126 ].)  Nothing defendant argues persuades us otherwise.

## III.  There Is No Pleading and Proof Requirement

Defendant next contends he is not ineligible for resentencing because an arming allegation was not pleaded and proved in the underlying case.  We disagree.

"Several published cases have held that the Reform Act does not contain a pleading and proof requirement with respect to factors that disqualify defendants from resentencing . . . ."  (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 745.)  Indeed, we

so held in *Guilford*, *supra*, 228 Cal.App.4th at page 659. There is an express pleading and proof requirement for both the existence of prior strike convictions and disqualifying factors in the initial sentencing of a new offense under the Reform Act. (*Guilford*, at pp. 656-657, citing §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) There is no such express provision in section 1170.126 for recall and resentencing of a strike conviction. (*Guilford*, at p. 657.)

Nor does the absence of a pleading and proof requirement violate defendant's constitutional rights to due process or a jury trial. (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 803-804.) Determining whether an inmate is eligible for resentencing under section 1170.126 is not analogous to provisions that enhance a defendant's sentence beyond the statutory maximum but provides for downward modification of the original sentence, so factfinding in that proceeding does not implicate Sixth Amendment issues. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1302-1304; *Brimmer*, *supra*, at pp. 804-805.)

Defendant argues that because the theory presented by the prosecutor at trial was that defendant had *constructive* possession based on his being part of a "team" with the other occupants of the car, the jury did not decide defendant was armed and there was no reason for defendant to argue he was not armed. We have previously rejected the argument that it would be improper for the trial court to find a defendant ineligible based on facts for which there was no incentive to litigate in the underlying proceeding in the absence of a pleading and proof requirement. (*Elder*, *supra*, 227 Cal.App.4th at p. 1316.) In determining whether defendant is eligible for resentencing pursuant to section 1170.126, the theory of possession of a firearm does not matter; what matters is whether there is substantial evidence in the record from which the trial court could reasonably find that defendant was "armed with a firearm" during the commission of that offense.

### IV.  Substantial Evidence Supports the Trial Court's Finding

Defendant asserts there is insufficient evidence he was armed.  Section 1170.126 does not define "armed with a firearm," but section 1203.06, subdivision (b)(3) defines the phrase as "to knowingly carry or have available for use a firearm as a means of offense or defense."  At the time the voters approved Proposition 36, that phrase had been judicially construed to mean that a defendant "is aware during the commission of the offense of the nearby presence of a gun available for use offensively or defensively, the presence of which is not a matter of happenstance."  (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 794-795, citing *People v. Pitto* (2008) 43 Cal.4th 228, 239-240; accord, *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051 (*Blakely*).)  Thus, for purposes of section 1170.126, " ' "armed with a firearm" . . . mean[s] having a firearm available for offensive or defensive use.' "  (*Brimmer*, at p. 796.)

We recognize that a person convicted of possession of a firearm is not necessarily armed with the firearm in the commission of that offense.  (*Brimmer*, *supra*, 230 Cal.App.4th at p. 797; *Blakely*, *supra*, 225 Cal.App.4th at p. 1052 ["A firearm can be under a person's dominion and control [(and thus possession)] without it being available for use."].)  To date, the published opinions in which the courts of appeal have affirmed denial of resentencing (or reversed a grant of resentencing) based on the defendant being armed during the commission of an offense of being a felon in possession of a firearm have involved a defendant with *actual* as opposed to *constructive* possession of a firearm. (*Hicks*, *supra*, 231 Cal.App.4th at pp. 280-281 [evidence defendant carried backpack containing gun into apartment]; *Brimmer*, *supra*, 230 Cal.App.4th at pp. 788, 799 [defendant held an unloaded shotgun]; *Osuna*, *supra*, 225 Cal.App.4th at p. 1030 [defendant "was actually holding a handgun"]; *People v. White* (2014) 223 Cal.App.4th 512, 525 [defendant was holding rolled-up pair of sweatpants with gun inside].)  That fact, however, does not render it impossible for someone with constructive possession of a weapon to also be armed with a firearm.  (See *Blakely*, *supra*, 225 Cal.App.4th at

7

p. 1052 [A defendant " 'has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others.' "].)

Thus, we turn to the evidence in the record to determine whether there is substantial evidence from which the trial court could reasonably find that defendant was "armed with a firearm" during the commission of his possession of the firearm. Here, the evidence demonstrated a .44-caliber revolver was located under the front seat of the car and at defendant's feet, defendant attempted to kick the gun away to hide it when officers approached, and ammunition for the gun was on the seat next to him.[2] Given the relative size of the car, the position of the gun relative to defendant, and the fact that defendant attempted to move the gun with his foot to hide it from law enforcement, this comprises substantial evidence that defendant was "aware during the commission of the offense of the nearby presence of a gun available for use offensively or defensively, the presence of which is not a matter of happenstance" (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 794-795), i.e., that he was armed with a firearm during the commission of his possession by a felon of a firearm.

Defendant's reliance on *People v. Sifuentes* (2011) 195 Cal.App.4th 1410 is unavailing. There, the court of appeal reversed Sifuentes's conviction for felon in possession of a firearm because there was insufficient evidence he constructively possessed the gun that was found under a mattress in a motel room where he was arrested because there was not substantial evidence he had a right to control the firearm. (*Id.* at pp. 1417-1419, 1422.) Here, defendant was convicted of being a felon in possession of a

---

[2] To the extent defendant argues the evidence regarding whether the gun could have been pushed from the front is speculative, we need not address the issue, because even in the absence of that evidence there is substantial evidence defendant was armed.

firearm, and that conviction has previously been upheld on appeal. (*People v. Pontod*, *supra*, C065925.) Therefore, *Sifuentes* is inapposite.

Moreover, though defendant asserts there was conflicting evidence, the existence of conflicting evidence "does not cast doubt on the trial court's factual findings because we review factual findings for substantial evidence." (*Hicks*, *supra*, 231 Cal.App.4th at p. 286.) Accordingly, it was proper for the trial court to determine defendant was ineligible for resentencing pursuant to section 1170.126.

## DISPOSITION

The order denying the petition for recall of defendant's sentence is affirmed.


                                               BUTZ            , J.


We concur:


RAYE            , P. J.


HULL            , J.