Filed 10/30/15  P. v. Brady CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK JOHN BRADY,<br><br>    Defendant and Appellant. | B262293<br><br>(Los Angeles County<br>Super. Ct. No. NA025982) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Patrick Brady appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36, approved by the voters on November 6, 2012, amending Penal Code sections 667 and 1170.12,[1] and adding section 1170.126 (the Act). (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1010.) He contends the trial court erred when it found him ineligible because he was armed with a firearm during the commission of his final strike offense in 1997, a conviction of unlawful possession of a firearm by a felon (former § 12021, subd. (a)(1)). We find no error and affirm.

In our unpublished opinion affirming Brady's conviction and sentence, we summarized the facts as follows: "On the morning of September 12, 1995, Detective Kris Nelson and other officers of the Long Beach Police Department were conducting a surveillance in an alley behind an apartment building. They were awaiting the return of a black BMW containing two men and a woman. When the BMW returned and stopped, its occupants were ordered out of the vehicle. Defendant, who was one of the occupants, told Detective Nelson he had a gun in his waistband. Detective Nelson removed a loaded revolver from defendant's waistband." (*People v. Brady* (March 30, 1998, B115543) [nonpub. opn.].) The court convicted Brady of possession of a firearm by a felon (§ 12021, subd. (a)(1)) and found true allegations that Brady had two prior serious or violent felony convictions, sentencing him to 25 years to life in state prison under the "Three Strikes" law.

Brady petitioned for a recall of his sentence, and the trial court filed an order to show cause why relief should not be granted. The district attorney filed an opposition arguing Brady was ineligible for resentencing because he was armed with a firearm at the time of his commitment offense. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).) Brady filed a reply arguing that felon in possession of a firearm must be tethered to another offense before the crime renders a

---

[1] All further statutory references are to the Penal Code.

defendant ineligible for resentencing. The trial court denied the petition at the January 26, 2015 hearing, and Brady filed a timely appeal.

An inmate is not eligible for resentencing under section 1170.126 if "the inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, . . . of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§1170.126, subd. (e)(2).) Those statutes prohibit treating a third striker as a second striker for purposes of sentencing if "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), italics added.) Brady argues that "during the commission of the current offense" means that his possession of the firearm is required to be in addition to a tethering offense, and as his current conviction for felon in possession is not tethered to another felony distinct from his possession of the firearm, he is eligible for recall of his sentence.

All authority is to the contrary. Every appellate court to deciding the issue has concluded that a defendant is ineligible whenever the record shows the defendant was in actual physical possession of the firearm, and therefore not only possessed the firearm but was armed with it. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 283–284; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312–1314, 1317; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.) It is true that "[a] firearm can be under a person's dominion and control without it being available for use. For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use. Accordingly, possessing a firearm does not necessarily constitute being armed with a firearm." (*Osuna*, at p. 1030.) That is not the case here, as Brady carried the firearm that he possessed tucked into his waistband, and so his conviction "was based on evidence that defendant not only

3

possessed the [firearm], but also that he was armed with the [firearm] during his commission of the current offense." (*Brimmer*, at p. 797.) "Where, as here, the record shows that a defendant convicted of possession of a firearm was armed with the firearm during the commission of the offense, the armed with a firearm exclusion applies and the defendant is not entitled to resentencing . . . under the Act." (*Ibid.*) Further, the intent of the electorate was for Proposition 36 to apply "only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*Osuna*, at p. 1038.)

As Brady had the revolver readily available for offensive or defensive use and was thus armed with a firearm during his commission of the offense of being a felon in possession of a firearm, he is ineligible for recall of his sentence.

The trial court correctly denied Brady's recall petition.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


            ROTHSCHILD, P. J.


            CHANEY, J.


4