Filed 11/6/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C073357 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F10132) |
| v. |  |
| TYREA KINTE HICKS, |  |
| Defendant and Appellant. |  |

APPEAL from a judgment of the Superior Court of Sacramento County, Jack V. Sapunor, Judge. (Retired judge of the Sacramento Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Deanna Lamb, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputies Attorney General, for Plaintiff and Respondent.

In 2008, a trial court sentenced defendant Tyrea Kinte Hicks to 25 years to life in prison under the three strikes law for being a felon in possession of a firearm and a

1

concurrent sentence of 25 years to life (that was later stayed by this court) for being a felon in possession of ammunition, after a jury had found defendant guilty of those crimes.

In 2012, defendant filed a petition for resentencing under the Three Strikes Reform Act of 2012[1] (the Act). Under the Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1286.)

The Act makes "[a]n inmate . . . eligible for resentencing" if, among other things, "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (Pen. Code, § 1170.126, subd. (e)(2).) Sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii) provide that, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."

Here, the trial court denied the petition. It found that based on the facts as recited in the appellate court opinion from defendant's 2008 three strikes' conviction, defendant was armed with a firearm when he committed the felon in possession of a firearm offense.

Defendant then filed a motion for reconsideration in the trial court, arguing it was error for the court to "restrict itself solely to a few limited facts" from the appellate

---

[1] Penal Code section 1170.126. All further statutory references are to the Penal Code unless otherwise indicated.

2

opinion.  He further argued that the arming enhancement had never been pled or proven with respect to the felon-in-possession charge and that he was not, in fact, armed, and pointed the court to evidence in the appellate court opinion that arguably showed he was not armed.

The trial court denied the motion for reconsideration.  The trial court explained, among other things, that it had "examine[d] the record of conviction, which includes the Third District Court of Appeal opinion" and found that the opinion "beyond a reasonable doubt establishes that defendant was personally armed with the firearm he was convicted of possession, in committing his offense of possessing the firearm."  The court added that defendant did not "attach any portion of the trial transcript that show[ed] that the Third District inaccurately summarized the trial evidence . . . ."

Defendant appeals from the denial of his resentencing petition contending:  (1) it is an appealable order; (2) if it is not, his appeal should be treated as a petition for writ of mandate; and (3) the trial court improperly denied the petition for resentencing based on the fact that he was armed with a firearm during the commission of his felon-in-possession offense because (a) the felon-in-possession offense is not one of the disqualifying offenses to which an arming may be attached; (b) no sentence was "imposed" for his arming; and (c) the court improperly relied on the statement of facts in the appellate opinion to support its factual finding that he was armed.

In *Teal v. Superior Court* (2014) ___ Cal.4th ___, our Supreme Court concluded decisions under the "Three Strikes Reform Act" are appealable orders.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's current sentence, as summarized by this court in its opinion in defendant's appeal from his conviction, were as follows:

"When parole agents and Sacramento police officers went to an apartment complex to look for . . . a parolee at large, they saw defendant, his half brother Edward . . . and friend Joseph . . . by the front gate . . . .  As the agents and officers

3

approached, defendant took a clear plastic bag from his sweatpants and threw it away. Defendant was frisked and found in possession of five .380-caliber bullets. An officer then retrieved the bag and discovered it contained rock cocaine.

"The apartment complex manager told [the parole agent] and [the officer] that defendant and the two men with him were there to visit the resident in apartment 6. Going up to the apartment, officers found another baggie containing rock cocaine at the top of the stairs.

"The tenant in apartment 6 . . . consented to a search of the apartment. Inside, officers found a backpack containing a black sweatshirt and a loaded .380 pistol.

"Valencia Brooks, who had been in apartment 6 . . . , told [the officer] that defendant had brought the backpack into the apartment and set it down. At trial, Brooks denied making this statement, testifying instead that she did not know who brought the backpack into the apartment and did not even see defendant enter the apartment.

"Defendant's friend . . . testified defendant's half brother, Edward, had the backpack all day and carried it into apartment 6. . . . But a prosecution investigator testified that . . . [defendant's friend] told the investigator that the backpack belonged to defendant, who wore it during the day and then left it in [the tenant's] apartment the day it was seized by agents and officers. . . .

"Defendant's half brother, Edward, testified . . . [he] was wearing a hooded sweatshirt and carrying the backpack, gun, and bullets. As they approached the complex, Edward took off the sweatshirt and put it in his backpack. Defendant told Edward that some ammunition had dropped from the sweatshirt, but Edward continued into the apartment complex. When Edward entered [the tenant's] apartment, the sweatshirt and gun were inside the backpack, which he left in the apartment . . . [I]t was defendant's friend . . . who threw the plastic baggie . . . .

"Defendant testified that, when the five bullets fell from his half brother's sweatshirt, defendant picked them up. He meant to return the bullets to Edward . . . .

4

[T]he backpack with the gun belonged to Edward and that defendant never entered [the] apartment . . . . " (*People v. Hicks* (Dec. 17, 2009, C060383) [nonpub. opn., pp. 2-4].)

DISCUSSION

I

*Overview Of The Three Strikes Reform Act Of 2012*

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 . . . . The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

A defendant currently serving an indeterminate life sentence pursuant to the three strikes law is disqualified from resentencing if he or she has an enumerated disqualifying factor found in section 1170.126, subdivision (e). These disqualifying factors are: "(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the three strikes law] for a conviction of a felony or felonies that are . . . serious and/or violent felonies [defined] by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7"; "(2) The inmate's current sentence was . . . imposed for any of the

5

offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12"; or "(3)  The inmate has . . . prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

Even if a defendant satisfies the resentencing eligibility criteria and does not have an enumerated disqualifying factor, a defendant is still not entitled to resentencing under the Act if the trial court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)

At issue here is the second enumerated disqualifying factor, namely, whether defendant's "current sentence was . . . imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."   Sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii) provide that, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."

II

*Disqualification For Being Armed With A Firearm*

Defendant contends that the trial court improperly denied the petition for resentencing based on the fact that he was armed with a firearm during the commission of his felon-in-possession offense.  He argues that:  (1) the felon-in-possession offense is not one of the disqualifying offenses to which an arming enhancement may be attached; (2) no sentence was "imposed" for his arming; and (3) the court improperly relied on the statement of facts in the appellate opinion to support its factual finding that he was armed.  We take each argument in turn, finding no merit in any.

6

## A

### *Felon In Possession As A Disqualifying Offense*

Defendant argues that a court considering a petition for resentencing is precluded from finding the defendant was armed during the commission of the offense if the only current felony conviction was being a felon in possession. He claims there must be an underlying felony to which the arming is "tethered."

Defendant would be correct if we were concerned with imposing an arming enhancement -- an additional term of imprisonment added to the base term, for which a defendant cannot be punished until and unless convicted of a related substantive offense. (*People v. Dennis* (1998) 17 Cal.4th 468, 500.) In *People v. Bland* (1995) 10 Cal.4th 991, on which defendant relies, the California Supreme Court held that the arming enhancement under section 12022 "requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*Bland*, at p. 1002.) The court concluded that "a defendant convicted of a possessory drug offense [is] subject to this 'arming' enhancement when the defendant possesses both drugs and a gun, and keeps them together, but is not present when the police seize them from the defendant's house." (*Id*. at p. 995.) Under the reasoning in *Bland*, for a defendant to be "armed" for purposes of section 12022's additional penalties, he or she must have a firearm "available for use *to further the commission of the underlying felony*." (*Bland*, at p. 999, italics added.) "[W]hen the underlying felony is a continuing offense, it is sufficient if the defendant has a gun available at any time during the felony to aid in its commission." (*People v. Becker* (2000) 83 Cal.App.4th 294, 297.)

Having a gun available does not further or aid in the commission of the crime of possession of a firearm by a felon. Thus, a defendant convicted of violating former section 12021 does not, regardless of the facts of the offense, risk imposition of additional punishment pursuant to section 12022, because there is no "facilitative nexus" between the arming and the possession. However, unlike section 12022, which requires

7

that a defendant be armed "*in* the commission of" a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm "*during* the commission of" the current offense (italics added).  "During" is variously defined as "throughout the continuance or course of" or "at some point in the course of."  (Webster's 3d New Internat. Dict. (1993) p. 703.)  Thus, there must be a temporal nexus between the arming and the underlying felony, not a facilitative one.   The two are not the same.  (*People v. Bland*, *supra*, 10 Cal.4th at p. 1002 [" 'in the commission' of" requires both that " 'arming' " occur during underlying crime and that it have facilitative nexus to offense].)

Following this reasoning, defendant was armed with a firearm during his possession of the gun, but not "in the commission" of his crime of possession.   There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it.  There was, however, a temporal nexus.  Since the Act uses the phrase "[d]uring the commission of the current offense," and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the plain language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm.

Here, the trial court stated it found beyond a reasonable doubt that defendant was personally armed with the firearm he was convicted of possessing.  There was sufficient evidence to support this finding based on the initial statements of the two recanting witnesses (Valencia Brooks and defendant's friend) that it was defendant who had the backpack with the gun inside and put it in the tenant's apartment.

B

*Sentence Imposed For Arming*

Subdivision (e)(2) of section 1170.126 allows resentencing if "[t]he inmate's current sentence was not imposed for any of the offenses appearing [in the cited statutes]." One of those statutory provisions, as we have discussed, does not identify specific offenses but, instead, identifies circumstances of the offense -- that is, using a firearm, being armed with a firearm or deadly weapon, or intending to cause great bodily injury. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).) In this case, defendant was armed with a firearm when he committed the felon-in-possession offense, and for that reason was found ineligible for resentencing.

Defendant asserts: "The enumerated factors which disqualify a defendant who petitions for resentencing consist entirely of convictions and offenses, including aggravating circumstances, for which a sentence has been imposed." He continues, "It is self-evident that prior convictions appear in the record of conviction, and that no sentence can be imposed for any offense or enhancement that was not pled or proven and resulted in conviction." From this he argues that since no sentence was ever imposed for his arming, he was not disqualified from being resentenced .

We disagree with defendant. The eligibility criteria here refer to something that occurs "[d]uring the commission of the current offense," that being "the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) By referring to those facts attendant to commission of the actual offense, the express statutory language requires the trial court to make a factual determination that is not limited by a review of the particular statutory offenses and enhancements for which a petitioner's sentence was imposed. Not only do the criteria at issue here not describe any particular offenses or enhancements, but the reference to an intent to cause great bodily

9

injury does not clearly equate to the most common related enhancement, that being the infliction of great bodily injury.

Our interpretation of the statute is further informed by the fact that defendants who are sentenced under the current version of the three strikes law, as revised by Proposition 36, are subject to the same eligibility criteria, which must now be pleaded and proven by the prosecutor under the express statutory language. Under current law, a defendant facing sentencing is precluded from favorable sentencing treatment if "the prosecution pleads and proves any of" the eligibility criteria, including the one at issue here. (See §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) But there is no similar language in the resentencing statute that applies to limit the trial court's consideration of the same eligibility criteria to those circumstances that were pleaded and proven. The fact that the current statute contains a plead-and-prove requirement evidences that the drafters knew how to impose such a requirement had they chosen to do so. (See *People v. Tilbury* (1991) 54 Cal.3d 56, 61.)

C

*Reliance On Appellate Opinion*

Finally, defendant argues that the trial court improperly relied on the facts in the appellate opinion (which resulted from his appeal of the current conviction) to determine whether defendant was armed during the commission of his felon-in-possession offense. To the contrary, the appellate opinion is part of the record of conviction which the court properly used in determining defendant's eligibility.

The factual determination of whether the felon-in-possession offense was committed under circumstances that disqualify defendant from resentencing under the Three Strikes Reform Act is analogous to the factual determination of whether a prior conviction was for a serious or violent felony under the three strikes law. Such factual determinations about prior convictions are made by the court based on the record of conviction. (See *People v. Guerrero* (1988) 44 Cal.3d 343, 355 [in determining *facts* underlying prior convictions, court may look to entire record of conviction].) And the

10

appellate opinion is part of the record of conviction. (*People v. Woodell* (1998) 17 Cal.4th 448, 456.)

While we speak of the relevant conviction in this case (the felon-in-possession conviction) as the "current conviction" because defendant is still serving the indeterminate state prison term for that conviction, it is a prior conviction in the sense that the judgment is final and this is a postconviction proceeding. The Act itself states that the trial court's consideration of a petition for resentencing constitutes a " 'post-conviction release proceeding.' " (§ 1170.126, subd. (m).) Therefore, the court properly looked to the record of conviction, including the appellate opinion, in deciding whether defendant was armed with a firearm during the commission of his felon-in-possession offense.

Defendant also finds fault in the trial court's conclusion that he was armed when he committed his felon-in-possession offense because there was conflicting evidence. Conflicting evidence, however, does not cast doubt on the trial court's factual findings because we review factual findings for substantial evidence. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) Here, there was substantial evidence that defendant was armed, namely, as we have discussed, the initial statements by Valencia Brooks and defendant's friend that it was defendant's backpack and he was the one who put it in the tenant's apartment.

Finally and importantly, defendant brought the conflicting evidence to the attention of the trial court in his petition for reconsideration. He noted, among other things, there was testimony defendant did not enter the apartment, it was defendant's half brother who owned the backpack and brought it into the apartment, and defendant himself testified he never had the gun and never went into the apartment. Thus, defendant had an opportunity to be heard regarding whether the evidence in the record established he was, in fact, armed when committing the offense of being a felon in possession of a gun.

11

## DISPOSITION

The judgment is affirmed.

                                         _____ROBIE_____, J.

We concur:

_____RAYE_____, P. J.

_____BUTZ_____, J.

12