Filed 9/25/15  P. v. Perez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062183 |
| v. | (Super.Ct.No. SWF014363) |
| STEVEN BELLA PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Steven Bella Perez seeks resentencing under Proposition 36. The trial court ruled that he was ineligible because he was armed during the commission of the offense for which he was imprisoned; at his trial, in 2006, the jury found a personal arming enhancement to be true. (Pen. Code, § 12022, subd. (c).)

Defendant appeals, contending that there was insufficient evidence to support the jury's finding. We will hold that he cannot collaterally attack the personal arming finding in this proceeding. Separately and alternatively, we will hold that there was sufficient evidence of personal arming.

I

FACTUAL BACKGROUND

The following facts are taken from the partial transcript of defendant's trial that he submitted to the trial court in support of his request for resentencing. (See part II, *post*.)

In 2005, a police officer stopped a car that defendant was driving, which did not have a front license plate. Defendant admitted that his driver's license was suspended. The officer detained defendant in the back of his patrol car, then conducted an inventory search of defendant's car.

When the officer opened the hood, in a void space in the engine, he saw a sock next to two zippered pouches. Inside the sock, he found a loaded revolver and four additional bullets. Inside one of the pouches, he found heroin. Defendant said that he had obtained the heroin so he could sell it to get money for his father's funeral.

2

## II

## PROCEDURAL BACKGROUND

In a trial in 2006, a jury found defendant guilty on four counts:

Count 1: Transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)), with an enhancement for being personally armed with a firearm (Pen. Code, § 12022, subd. (c)).

Count 2: Possession of a controlled substance for sale (Health & Saf. Code, § 11351), with an enhancement for being personally armed with a firearm (Pen. Code, § 12022, subd. (c)).

Count 3: Possession of a firearm by a convicted felon (Pen. Code, former § 12021, subd. (a); see now Pen. Code, § 29800, subd. (a)(1)).

Count 4: Possession of ammunition by a convicted felon (Pen. Code, former § 12316, subd. (b)(1); see now Pen. Code, § 30305, subd. (a)(1)).

Defendant admitted nine "strike" priors (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and four 1-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b)). He was sentenced to 25 years to life on each count (though the terms on counts 2 through 4 were stayed under Penal Code section 654), plus a total of 7 years on the enhancements, for a grand total of 32 years to life in prison.

In 2013, defendant filed a petition for resentencing under Proposition 36. The trial court denied the petition without a hearing, ruling that defendant was not eligible for resentencing due to the personal arming enhancements.

Defendant filed a petition for reconsideration. In it, he argued that, in his 2006 trial, there was insufficient evidence that he was personally armed. He attached a partial copy of the reporter's transcript from the 2006 trial. The trial court denied the motion for reconsideration. It ruled, "I don't think we [have to do] a factual analysis when a jury found the enhancement . . . true." It added, "I don't think we have to but just so the record is clear," it found sufficient evidence that defendant was personally armed.

III

DEFENDANT WAS INELIGIBLE FOR RESENTENCING

Under the Three Strikes Reform Act of 2012, added by Proposition 36, a prisoner sentenced under the Three Strikes Law as it originally stood can petition for resentencing under the significantly more lenient provisions of Proposition 36. To be eligible for resentencing, the petitioner must have two or more strike priors and must be serving an indeterminate term of 25 years to life for an offense that is not a serious or violent felony. (Pen. Code, § 1170.126, subds. (b), (e)(1).) In addition — among other requirements — the petitioner must not have been armed with a firearm during the commission of the offense for which he or she is currently serving the sentence. (*Id*., subd. (e)(2); see also Pen. Code, §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Here, the jury specifically found that defendant was personally armed in the commission of count 1 and count 2. This finding was conclusive in the resentencing proceeding. (See *People v. Jackson* (1985) 37 Cal.3d 826, 834 [proof of a prior conviction establishes the minimum elements of the crime].) "Armed" means exactly the

4

same thing for purposes of Proposition 36 as it does for purposes of a personal arming enhancement. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 793-799 [Fourth Dist., Div. Two].) Moreover, as we will discuss in more detail below, anyone who is armed "in the commission" of a crime for purposes of a personal arming enhancement (Pen. Code, § 12022, subd. (c)) is necessarily also armed "[d]uring the commission" of the crime for purposes of Proposition 36 (Pen. Code, § 667, subd. (e)(2)(C)(iii)) (though perhaps not vice versa).

Defendant's only contrary argument is that in *People v. Bland* (1995) 10 Cal.4th 991, the Supreme Court reversed a jury's finding that the defendant was armed based on insufficient evidence; he concludes that here, if there was insufficient evidence of arming, we must disregard the jury's finding. *Bland*, however, was a direct appeal from the judgment on the jury's verdict. (*Id*. at p. 996.) Here, by contrast, the judgment on the jury's verdict became final long ago. Thus, this is an impermissible collateral attack on a final judgment. (*People v. Barlow* (1980) 103 Cal.App.3d 351, 360-361 [Fourth Dist., Div. Two]; *People v. Glaser* (1965) 238 Cal.App.2d 819, 820-821, 834 [insufficiency of the evidence cannot be raised on collateral attack], disapproved on other grounds in *People v. Barnum* (2003) 29 Cal.4th 1210, 1219, fn. 1, 1221.)

Separately and alternatively, there was sufficient evidence that defendant was armed. "[A]rming . . . does not require that a defendant utilize a firearm or even carry one on the body. A defendant is armed if the defendant has the specified weapon available for use, either offensively or defensively. [Citations.] . . . '[I]t is the availability

5

— the ready access — of the weapon that constitutes arming.' [Citation.]" (*People v. Bland*, *supra*, 10 Cal.4th at p. 997, italics omitted.)

In *People v. Delgadillo* (2005) 132 Cal.App.4th 1570 [Fourth Dist., Div. Two], the defendant kept ingredients and equipment for manufacturing methamphetamine in vehicles parked outside his house. (*Id.* at pp. 1572-1573.) Inside his house, in a bedroom closet and also in the headboard of a bed, he kept several firearms. (*Id.* at p. 1573.) He was arrested while driving one of the vehicles away from his house. (*Id.* at p. 1572.) We held that there was sufficient evidence that the defendant was personally armed in the commission of methamphetamine manufacturing: "Because the firearms were in defendant's bedroom along with a significant sum of money, and in close proximity to cars in which defendant and his colleagues stored lab equipment and raw material, those firearms were available to defendant to use offensively or defensively at any time during the manufacturing process." (*Id.* at p. 1575.)

Here, similarly, defendant was driving the car; the gun was only a few feet away. Defendant argues that, to use the gun, he would have had to get out of the car, open the hood, and take the gun out of the sock. In *Delgadillo*, however, the defendant would have had to go from the vehicles, into his house, and into a bedroom, and retrieve a gun from the closet or from the headboard of the bed; the degree of availability in both cases is similar. Also, here, unlike in *Delgadillo*, the gun was with the drugs. Thus, if defendant availed himself of the drugs, the gun would be nearby, and vice versa.

6

Defendant argues that, for him to be armed specifically during the commission of the crime (as opposed to merely armed in general), there must be a "facilitative nexus" between the arming and the possession and transportation of the drugs.

A personal arming enhancement requires that the defendant be armed "*in* the commission" of the crime. (Pen. Code, § 12022, subd. (c), italics added.) This has been held to entail "a 'facilitative nexus' between the drugs and the gun." (*People v. Bland*, *supra*, 10 Cal.4th at p. 1002.)

By contrast, a defendant is ineligible for resentencing under Proposition 36 if he or she was armed "[*d*]*uring* the commission of the crime. (Pen. Code, § 667, subd. (e)(2)(C)(iii), italics added.) We and other courts have held that this has a different meaning than "in the commission," and in particular, that it requires only a "temporal nexus." (E.g., *People v. Hicks* (2014) 231 Cal.App.4th 275, 284; *People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 797-799 [Fourth Dist., Div. Two].)

Defendant asserts that these cases were "wrongly decided" and that a facilitative nexus is required. We need not decide this issue. Even if he is correct, "[e]vidence that a firearm is kept in close proximity to illegal drugs satisfies this 'facilitative nexus' requirement: a firearm's presence near a drug cache gives rise to the inference that the person in possession of the drugs kept the weapon close at hand for 'ready access' to aid in the drug offense." (*People v. Bland*, *supra*, 10 Cal.4th at p. 1002, capitalization altered.) Here, as already noted, the gun was with the drugs. This was sufficient to satisfy either requirement.

We therefore conclude that the trial court properly ruled that defendant was not eligible for resentencing.

IV

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

8