Filed 1/8/16  P. v. Miranda CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B261306 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA061835) |
| v. | |
| JERRY MARTIN MIRANDA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles Country, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, by appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General of California, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Jerry Martin Miranda appeals from an order denying his petition for resentencing under Proposition 36, the Three Strikes Reform Act of 2012. (Pen. Code, § 1170.126.)[1] The trial court found him ineligible for resentencing because the current offenses were committed while armed with a firearm. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) Finding no error, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2003, defendant pleaded guilty to one count of possession of a firearm by a felon (former § 12021, subd. (a)(1), now see § 29800, subd. (a)(1), count 1), two counts of possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a), counts 2 & 3), and one count of possession of narcotics paraphernalia (Health & Saf. Code, § 11364, count 4); he also admitted allegations that he had suffered four prior strike convictions (§§ 667, subds. (b)-(k), 1170.12, subds. (a)-(d)) and served three prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). He received a state prison sentence of 25 years to life. We affirmed the judgment of conviction in a prior appeal. (*People v. Miranda* (Mar. 23, 2005, B171716) [nonpub.opn].)

In November 2012, the electorate adopted Proposition 36, which amended the Three Strikes law by limiting the imposition of an indeterminate life sentence to those defendants whose third felony is defined as serious or violent. The initiative allowed those serving a life sentence for a third felony that is not defined as serious or violent to petition for recall of sentence and resentencing. (§ 1170.126, subd. (b).)

Defendant filed a petition for resentencing under Proposition 36. The People argued that defendant's current offenses do not qualify for resentencing based on the firearm disqualification provision: an offense does not qualify for resentencing if, during the commission of that offense, the defendant "used a firearm, was armed with a firearm

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

The People submitted transcripts of the preliminary hearing, guilty plea hearing, and sentencing hearing. The transcripts showed that during the search of his apartment, defendant admitted he had narcotics in his pants which were in his bedroom; upon recovering the narcotics from defendant's pants, police also found, within an arm's span of the pants, a loaded semi-automatic handgun hidden under a mattress.[2]

Defendant argued that he was not armed during the commission of the current offenses because the handgun was not within his dominion and control. The trial court disagreed. It found that he was armed with a firearm during the commission of the current offenses, and therefore was ineligible for resentencing (citing *People v. Elder* (2014) 227 Cal.App.4th 1308; *People v. Hicks* (2014) 231 Cal.App.4th 275). This appeal followed.

**DISCUSSION**

Defendant does not expressly challenge the sufficiency of the evidence to support the finding that he was armed with a firearm during the commission of the current offenses. Instead, he challenges the definition of the term "armed with a firearm," and argues that the record does not support the conclusion that he was "armed with a firearm" as provided in the disqualification provision of Proposition 36. We disagree.

---

[2] According to our prior opinion: "On May 8, 2003, Pomona Police Officer Michael Lange searched an apartment in the city of Pomona with his partner Officer Freeman and various parole officers. When Officer Lange entered the apartment, he saw appellant, and appellant admitted that he had narcotics in his pants, which were in his bedroom. A bindle of cocaine and one of heroin were found in appellant's pants in the bedroom and within an arm's span a loaded .22-caliber semi-automatic handgun was found secreted between the mattress and the box spring of appellant's bed. Parole agent Castanedo found a 'hype kit' in the kitchen cabinet. While being transported to the police station, appellant stated the drugs were only for personal use and the weapon was for his protection. It was stipulated that one item found was a container enclosing a net weight of approximately 0.45 gram of a solid substance containing heroin and another to be a container enclosing a net weight of approximately 0.18 gram of powder containing cocaine." (*People v. Miranda, supra,* B171716 at pp. 2–3.)

3

The term "armed with a firearm" has been "judicially construed to mean having a firearm available for use, either offensively or defensively. [Citations.]" (*People v. Osuna* (2014) 225 Cal.App4th 1020, 1029.) The fact that the firearm was hidden in a mattress in his bedroom does not preclude a finding that defendant was armed with a firearm during the commission of the present offenses. "A firearm can be under a person's dominion and control without it being available for use. For example, suppose a parolee's residence (in which only he lives) is searched [while the parolee is present] and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control." (*Id.* at p. 1030.)

Defendant claims that in order to be armed with a firearm, there must be an underlying felony to which the arming is tethered. He argues that because there is no underlying felony with respect to the crimes of possessing a firearm and possessing drugs in conjunction with a firearm, the trial court erred in finding that he was armed during the commission of the current offenses.

Defendant has not provided any controlling authority for his position. The appellate court considered and rejected a similar argument in *People v. Hicks*, *supra*, 231 Cal.App.4th 275. In that case, the defendant argued he was not armed during the commission of the offense because there was no "underlying felony to which the arming is 'tethered.'" (*Id.* at p. 283.) The appellate court rejected his argument, and noted that although sentencing enhancements under section 12022 require a "facilitative nexus" between the arming and the possession, Proposition 36 does not. (*Ibid.*) The court explained that under Proposition 36, a defendant is deemed to have been "armed with a firearm" if the firearm was available "'[d]*uring* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1993) p. 703.) Thus, there must be a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same. [Citation.]" (*Hicks*, 231 Cal.App.4th at pp. 283–284.)

4

Applying the temporal definition of the term "armed with a firearm" to the record of conviction in this case, we conclude there is substantial evidence to support the finding that defendant was armed with a firearm during the commission of the current offenses. We therefore conclude he is ineligible for resentencing under Proposition 36.

Defendant's reliance on the doctrine that "the expression of certain things in a statute necessarily involves exclusion of other things not expressed . . ." is misplaced. (*Dyna-Med*, *Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13, quoting *Henderson v. Mann Theatres Corp.* (1976) 65 Cal.App.3d 397, 403.) Based on this doctrine, he argues that because a list of disqualifying offenses appears in Proposition 36, there can be no other disqualifying offenses, and he therefore is eligible for resentencing on each count.[3] But defendant's interpretation fails to give effect to the firearm disqualification provision (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). The applicable rule of statutory construction is that the court must "give effect to all provisions of a statute whenever possible. [Citation.]" (*Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 49, citing Code Civ. Proc., § 1858.)

Applying the firearm disqualification provision to defendant's current offenses is consistent with both the record of conviction and the voters' intent. "[W]e believe the electorate intended the disqualifying factors to have a broader reach than defendant's interpretation of the statute would give them." (*People v. Osuna*, *supra*, 225 Cal.App.4th

---

[3] Resentencing under Proposition 36 is not available to an inmate if (1) the current sentence is for a serious drug offense, a felony sex offense requiring registration as a sex offender, or a felony involving a firearm, a deadly weapon, or the intent to cause great bodily injury; or (2) the inmate has been convicted of one of the felonies Proposition 36 designates as the most serious and violent offenses. (§ 1170.126, subd. (e)(2) & (3).) The disqualifying felonies are (a) sexually violent offense; (b) oral copulation, sodomy, sexual penetration, or a lewd or lascivious act involving a child under 14 years of age; (c) any homicide offense, including any attempted homicide; (d) solicitation to commit murder; (e) assault with a machine gun on a peace officer or firefighter; (f) possession of a weapon of mass destruction; and (g) any serious or violent felony offense punishable in California by life imprisonment or death. (§§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)

at p. 1034.)  Proposition 36 was "intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession.  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105.)" (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 799.)  Proposition 36 was not intended to reduce the sentences of felons who were armed with a firearm during the commission of the current offenses.  (See *People v. Elder*, *supra*, 227 Cal.App.4th at p. 1314.)  Although "possession of a gun of itself is not criminal, a felon's possession of a gun is not a crime that is merely malum prohibitum. As we stated nearly 20 years ago, 'public policy generally abhors even momentary possession of guns by convicted felons who, the Legislature has found, are more likely to misuse them.'  [Citation.]  Therefore, even if the great majority of commitments for unlawful gun possession come within our interpretation of this eligibility criterion, it would not run afoul of the voters' intent."  (*Id.* at p. 1314, fn omitted.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

6