Filed 3/17/16  P. v. Gilbert CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACK LEE GILBERT,<br><br>    Defendant and Appellant. | B265285<br><br>(Los Angeles County<br>Super. Ct. No. NA019676) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jack Lee Gilbert (Gilbert) appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36, approved by the voters on November 6, 2012, amending Penal Code sections 667 and 1170.12,[1] and adding section 1170.126 (the Act). (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1010.) He contends the trial court erred when it found him ineligible because he was armed with a firearm during the commission of his final strike offense in 1994. We find no error and affirm.

At Gilbert's 1994 trial, a police officer testified that he recovered from Gilbert a binocular case containing a ".22 long rifle, gun, with the barrel extension unattached to it." A small bag attached to Gilbert's waist contained sixteen .22 long caliber bullets. A firearms expert testified that the barrel had been sawed off, and the rifle could be "readily restored to fire a fixed cartridge." The jury convicted Gilbert of unlawful possession of a firearm by a felon (§ 12021, subd. (a)(1)) and possessing a short barrel rifle (§ 12020, subd. (a)). The trial court found true the allegations that Gilbert had serious or violent felony convictions, and sentenced him to 25 years to life in state prison under the "Three Strikes" law. Gilbert appealed his sentence and we affirmed. (*People v. Gilbert* (Dec. 19, 1995, B089058) [nonpub. opn.].)

In April 2014, Gilbert petitioned for a recall of his sentence, and the trial court filed an order to show cause why relief should not be granted. The district attorney filed an opposition arguing Gilbert was ineligible for resentencing because he was armed with a firearm at the time of his commitment offense, and because he was dangerous and unsuitable for resentencing. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subds. (e)(2), (f), (g).) Gilbert filed a reply arguing that he was not "armed" at the time of the commitment offense, as the shotgun was not readily accessible for use, and felon in possession of a firearm must be tethered to another offense before the crime renders a defendant ineligible for resentencing. At a hearing on June 22, 2015, the trial court pointed out that the firearm expert "said that you could put [the gun] together right

---

[1] All further statutory references are to the Penal Code.

away," concluding: "I find he was armed with a firearm. The fact it was disassembled is of some relevance; but the testimony was also that it could be reassembled, the firearm, and the purpose of Prop. 36 is to deal with people who are in for not-serious crimes. If he had a gun that can be assembled and fired, he's a dangerous guy and I don't think he's within the scope." The court denied Gilbert's petition, and he filed a timely appeal.

An inmate is not eligible for resentencing under section 1170.126, subdivision (e)(2) if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, . . . of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Those statutes prohibit treating a third striker as a second striker for purposes of sentencing if "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), italics added.) Gilbert argues that he was not armed with the shotgun because it was in two parts and unloaded. He also argues that he was not armed with the shotgun during the commission of the commitment offense, because he can only be found to have been armed if there was another "tethering" felony distinct from possession of the firearm.

As to Gilbert's argument that the shotgun was disassembled and therefore not readily available for his use, it is true that "[a] firearm can be under a person's dominion and control without it being available for use. For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use. Accordingly, possessing a firearm does not necessarily constitute being armed with a firearm." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030.) Here, however, Gilbert was carrying the shotgun and thus was in actual physical possession of the firearm. The firearm expert testified that the shotgun could be readily restored to firing condition, and Gilbert had ammunition in a bag on his belt. Under these circumstances, Gilbert was armed with a firearm, as

3

"[t]he defendant is considered armed even if the weapon is inoperable [citation] or, as here, it is unloaded." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 799.)

As to Gilbert's argument that he cannot be found to be armed with the shotgun when the offense of conviction is possession and there is no other tethering felony, all authority is to the contrary. Every appellate court deciding the issue has concluded that a defendant is ineligible for resentencing whenever the record shows the defendant was in actual physical possession of the firearm, and therefore not only possessed the firearm but was armed with it. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 283–284; *People v. Brimmer*, *supra*, 230 Cal.App.4th at p. 797; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312–1314, 1317; *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.) "Where, as here, the record shows that a defendant convicted of possession of a firearm was armed with the firearm during the commission of the offense, the armed with a firearm exclusion applies and the defendant is not entitled to resentencing . . . under the Act." (*Brimmer*, at p. 797.) Further, the intent of the electorate was for Proposition 36 to apply "only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*Osuna*, at p. 1038.)

As Gilbert had the shotgun readily available for offensive or defensive use, he was armed with a firearm during his commission of the offense of being a felon in possession of a firearm, and is ineligible for recall of his sentence.

The trial court correctly denied Gilbert's recall petition.

4

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.