Filed 4/20/16  P. v. Herrera CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS HERRERA,<br><br>    Defendant and Appellant. | F070531<br><br>(Super. Ct. No. 95CM7163)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Brandie Devall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Kane, J. and Smith, J.

Carlos Herrera petitioned the trial court to be resentenced pursuant to the Three Strikes Reform Act of 2012 (the Act). The trial court denied the petition finding Herrera was ineligible for resentencing under the terms of Penal Code section 1170.126.[1] We affirm the trial court's order.

## FACTUAL AND PROCEDURAL SUMMARY

In 1994, Herrera was an inmate in Corcoran State Prison serving a 13-year sentence for two counts of voluntary manslaughter. In October of that year, Herrera and his cell were searched. During the search, correctional officers observed a dark object in Herrera's nose. The object was removed in the prison hospital and found to be a razor blade encased in a piece of paper. Herrera was tried and convicted of violating section 4502, subdivision (a), possession of a sharp instrument by a prisoner. He was sentenced to a third strike term of 25 years to life.[2]

In 2014, Herrera filed a petition seeking resentencing pursuant to section 1170.126. This petition focused primarily on Herrera's numerous positive accomplishments while incarcerated, but failed to focus on the issue in this case, whether Herrera was eligible for resentencing under the terms of the statute. The trial court determined Herrera was ineligible for resentencing because he possessed a deadly weapon when he committed the act that led to his conviction for violating section 4502.

## DISCUSSION

Section 1170.126, enacted as part of the Act, defines those eligible for resentencing as inmates serving an indeterminate third strike sentence and:

(1) not serving a sentence for a crime that is listed as a serious or violent felony (§§ 667.5, subd. (c) & 1192.7, subd. (c));

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] These facts were obtained from the opinion this court issued in Herrera's appeal from his section 4502 conviction. (*People v. Herrera* (June 13, 1997, F024362) [nonpub. opn.].)

2.

(2) not serving a sentence for a crime that is listed in section 667, subdivision (e)(2)(C), clauses (i) through (iii), or section 1170.12, subdivision (c)(2)(C), clauses (i) through (iii); and

(3) who do not have a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C), clause (iv), or section 1170.12, subdivision (c)(2)(C), clause (iv). (§ 1170.126, subd. (e).)

If an inmate is eligible under the statute, then he must be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

This statute requires the trial court to conduct a two-step analysis. First, the trial court must determine if the inmate is eligible for resentencing. If the inmate is eligible for resentencing, then the trial court must decide if resentencing the inmate would pose an unreasonable risk of danger to public safety. An inmate will be resentenced only if he or she is eligible, and the trial court concludes he or she does not pose an unreasonable risk of danger to public safety. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1299.) If the inmate is ineligible for resentencing, or the trial court concludes in the exercise of its discretion the inmate would pose an unreasonable risk of danger to public safety, then the petition is denied.

In this case, the trial court's analysis did not proceed beyond the first step of the analysis because it concluded Herrera was ineligible for resentencing, relying on section 667, subdivision (e)(2)(C)(iii). As relevant, this section reads "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." In this case, the trial court concluded the item possessed by Herrera, which resulted in his conviction for violating section 4502, was a deadly weapon.

Section 667, subdivision (e)(2)(C)(iii) does not define the term deadly weapon. Therefore, we accord to the phrase the definition that has evolved through case law.

3.

Under this definition, a deadly weapon is either an instrument designed to cause death or great bodily injury (such as a firearm or knife), or an instrument used in such a fashion as to be capable of causing death or great bodily injury. (*People v. Brookins* (1989) 215 Cal.App.3d 1297, 1307; see *People v. Pruett* (1997) 57 Cal.App.4th 77, 81–86.) "Some few objects, such as dirks and blackjacks, have been held to be deadly weapons as a matter of law; the ordinary use for which they are designed establishes their character as such. [Citations.] Other objects, while not deadly per se, may be used, under certain circumstances, in a manner likely to produce death or great bodily injury. In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue. [Citations.]" (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1029.)

The determination of whether an inmate is eligible for resentencing pursuant to section 1170.126 is a factual determination that must be based on the record of conviction. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 285–286 (*Hicks*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331 (*Bradford*).) No discretion is involved in this determination. (*Bradford*, *supra*, at p. 1336.) The record of conviction includes the appellate opinion from the prior conviction. (*Hicks*, *supra*, at p. 286.) We review factual finding such as this one to determine if it is supported by substantial evidence. (*Ibid*.) Evidence is sufficient if it is reasonable, credible, and of solid value so as to permit a reasonable trier of fact to find the fact true. (*People v. Hillhouse* (2002) 27 Cal.4th 469, 496; *People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681.)

The trial court relied on the appellate opinion filed after Herrera appealed from his section 4502 conviction. (*People v. Herrera*, *supra*, [nonpub. opn.].) The relevant portions of this opinion are brief. On page two of the opinion we summarized the relevant facts.

"On October 23, 1994, correctional officer Frank Nunez conducted a search of [Herrera] and his cell. He had [Herrera] tilt his head backward

4.

and he looked into [Herrera's] nose with the aid of a flashlight. Officer Nunez saw a dark foreign object in [Herrera's] nose. [¶] [Herrera] was taken to the prison hospital. The nurse removed the dark object from [Herrera's] nose. Prison staff inspected the object and determined it was a razor blade encased in a piece of paper. The blade looked like it came from the type of disposable razor issued to inmates when they showered. The object was constructed so that the sheath covering the blade could be pulled back and would act as a handle for a weapon."

Later in the opinion, when discussing Herrera's ineffective assistance of counsel argument, we noted that Herrera told the probation officer he possessed the razor blade "because he felt he needed it to protect himself." (*People v. Herrera*, *supra*, at p. 11 [nonpub. opn.].) Thus, the trial court had before it evidence that Herrera possessed a razor blade extracted from a disposable razor with an improvised handle he intended to use as a weapon. This is sufficient evidence that Herrera possessed a deadly weapon when he committed the act that led to his conviction for violating section 4502.

Case law supports this conclusion. The Supreme Court has addressed the issue of whether razor blades extracted from a disposable razor are deadly weapons in at least two cases. In *People v. Gutierrez* (2002) 28 Cal.4th 1083, Gutierrez had in his cell numerous razor blades removed from disposable razors. The Supreme Court concluded Gutierrez's possession of the razor blades constituted a violation of section 4574, possession of a deadly weapon by an inmate in county jail. "The evidence that defendant possessed numerous razor blades that had been removed from safety razors in the manner commonly used to construct jailhouse weapons, and placed 'randomly' throughout his cell, all in contravention of jailhouse rules, constituted a violation of section 4574. Although defendant was not observed using the razor blades as deadly weapons, his possession of the blades and their placement throughout the cell (supportive of inferences that defendant wanted to be able to gain easy access to the blades from anywhere in his cell, or alternatively, that if his cell was searched it would be less likely that all the blades would be found) was sufficient to support an inference that they were being possessed for use as deadly weapons. Defendant's assertion that there was no direct evidence he

5.

actually intended to 'manufacture a weapon' (i.e., affix handles to the blades) does not undermine our conclusion that a violation of section 4574 was demonstrated." (*People v. Gutierrez, supra*, at pp. 1152–1153.)

The Supreme Court reached the same conclusion in *People v. Pollock* (2004) 32 Cal.4th 1153. "Section 4574 makes it a felony for a county jail inmate to possess a 'deadly weapon[].' Within the meaning of this penal statute, an object is a deadly weapon if it has a reasonable potential of inflicting great bodily injury or death. [Citations.] Even without a handle, a razor blade could be used to slice a victim's throat, wrist, or other vital spot, and thus a detached razor blade has a reasonable potential of causing great bodily injury or death. Accordingly, a county jail inmate's possession of detached razor blades violates section 4574, and evidence of such violations is admissible under section 190.3, factor (b). [Citations.]" (*Id.* at p. 1178.)

These cases establish that a razor blade from a disposable razor is a deadly weapon. Accordingly, Herrera is ineligible for resentencing pursuant to section 1170.126, subdivision (e). This conclusion renders most of Herrera's remaining arguments moot.

Herrera repeatedly asserts the razor blade found in his possession was issued to him by the prison and, thus, could not be a deadly weapon. This argument distorts the record. The prison did not issue to Herrera a razor blade; it issued a disposable razor. Herrera then modified the disposable razor, which dramatically changed its character. While one would be hard pressed to argue a disposable razor was a deadly weapon, a razor blade extracted from a disposable razor is a significantly different item. The conclusion the razor blade possessed by Herrera was a deadly weapon is even more compelling in this case because Herrera admitted he possessed the razor blade to use as a weapon.

Much of Herrera's brief, both here and in the trial court, is focused on asserting that he does not pose an unreasonable risk of danger to public safety. Since Herrera is

6.

ineligible for resentencing, whether he poses an unreasonable risk of danger to public safety is irrelevant. As explained above, this issue is addressed only if the inmate filing a petition for the recall of his sentence is *eligible* for resentencing. For the same reason, Herrera's argument that the definition of unreasonable risk to public safety was changed by the passage of Proposition 47 is irrelevant.

Similarly, Herrera's claim in his reply brief that the trial court found his section 4502 violation was a serious or violent felony misconstrues the record. The trial court clearly informed defense counsel that the issue was whether the razor blade was a deadly weapon.

Finally, we note Herrera argues his sentence for violating section 4502 constitutes cruel and unusual punishment. We rejected the identical argument when he made it on the direct appeal from that conviction, and see no need to revisit the issue again.

## DISPOSITION

The order denying Herrera's petition for recall of his sentence is affirmed.