Filed 8/15/16  P. v. Levine CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SCOTT WILLIAM LEVINE,<br><br>    Defendant and Appellant. | B266968<br><br>(Los Angeles County<br>Super. Ct. No. LA023055) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Scott William Levine is before us for a second time. On the prior occasion, we affirmed his conviction for possession of a firearm by a felon (see *People v. Levine*, Sept. 30, 1997, B103480 [unpub.]). Subsequently, appellant filed a petition for recall of sentence pursuant to Penal Code section 1170.126.[1] The trial court denied the petition, determining that appellant was statutorily ineligible for resentencing, as he was "armed with a firearm" during the commission of the offense. For the reasons set forth below, we conclude appellant was ineligible for resentencing. Accordingly, we affirm.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

As we recounted in our prior opinion, appellant was involved in a multi-vehicle accident. The vehicle appellant was driving had a broken key in the ignition switch. When questioned by Los Angeles Police Officer Victor Farhood and his partner, appellant stated he had borrowed the vehicle from a "'friend.'" Additionally, appellant could not produce a driver's license or vehicle registration. Officer Farhood handcuffed appellant and placed him in the patrol car because, according to the officer, appellant appeared "'a little agitated, a little strange.'" The officer then returned to the vehicle to look for registration and identification papers. When Officer Farhood sat in the driver's seat, he saw, in plain view, a loaded pistol in the center console. Officer Farhood returned to the patrol vehicle to show the handgun to his partner. As he did so, appellant stated: "'"Now that you've found it, I'm not going to say anything."'"

A jury convicted appellant of possession of a firearm by a felon in violation of section 12021, subd. (a)(1). It also found true the allegations that appellant had

---

[1] All further statutory citations are to the Penal Code, unless otherwise stated.

2

suffered two "strikes" within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court sentenced appellant, pursuant to the Three Strikes law, to 25 years to life in prison.

On December 3, 2012, appellant filed a petition for recall of sentence. Following a hearing, the trial court denied the petition.  Based on a review of the relevant trial transcript and this court's prior opinion, the court found that during the commission of the current offense, appellant was armed with a firearm. Accordingly, it determined that appellant was statutorily ineligible for recall and resentencing pursuant to section 1170.126.

## DISCUSSION

Section 1170.126 generally provides that "a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.)  "[A]n inmate is disqualified from resentencing if, inter alia, '[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.'" (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*), quoting §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)  "'Armed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively." (*Ibid.*)  A person convicted of being in possession of a firearm by a felon is not automatically precluded from resentencing under section 1170.126, as "possessing a firearm does not necessarily constitute being armed

3

with a firearm." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052.) "For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use." (*Ibid.*)

Here, the trial court reviewed the relevant trial testimony and this court's prior opinion, and found that appellant had a firearm available for use when he committed the current offense. (See *People v. Hicks* (2014) 231 Cal.App.4th 275, 285-286 [trial court may rely on facts in appellate opinion to "determine whether defendant was armed during the commission of his felon-in-possession offense"].) That finding was amply supported by the evidence presented at appellant's trial. The trial record established beyond a reasonable doubt that a loaded firearm was located in the center console of the vehicle appellant was driving, readily available for use, either defensively or offensively. Thus, appellant was "armed" during the commission of the offense and accordingly, he was statutorily ineligible for resentencing under section 1170.126.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

COLLINS, J.

5