Filed 3/22/16  P. v. Thomas CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B262072 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA040575) |
| v. | |
| SYLVESTER THOMAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Sylvester Thomas appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36.  (Pen. Code, § 1170.126.)[1]  We affirm.

## BACKGROUND

On April 30, 1997, a jury found Thomas guilty of possession of a firearm by a felon (former § 12021, subd. (a)(1)).  The trial court found prior conviction allegations to be true and sentenced Thomas under the "Three Strikes" law to 25 years to life in prison as a third strike offender.

After Proposition 36 was approved by voters in November 2012, Thomas filed a petition to recall his sentence under section 1170.126.  The trial court ordered the district attorney to show cause why the court should not recall Thomas's sentence.  The district attorney filed an opposition and a revised opposition arguing Thomas was ineligible for resentencing under section 1170.126 because he was armed with a firearm during the commission of the current commitment offense (possession of a firearm by a felon).[2]  Thomas filed a reply arguing "offenders must not only arm themselves, but also must commit some other offense, apart from the arming itself, in order for the exception to apply" under sections 1170.126, subdivision (e)(2), and 1170.12, subdivision (c)(2)(C)(iii).

Before the hearing on Thomas's petition to recall his sentence, the district attorney submitted as exhibits excerpts from the reporter's transcript of the trial on the current commitment offense, including the testimony of four law enforcement witnesses.  At the January 28, 2015 hearing on Thomas's petition, the trial court received these exhibits into evidence.

---

[1]  Further statutory references are to the Penal Code.

[2]  Under section 1170.126, subdivision (e)(2), an inmate is ineligible for resentencing if, "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person" within the meaning of section 1170.12, subdivision (c)(2)(C)(iii).  (Italics added.)

As set forth in the aforementioned exhibits, substantial evidence presented at the 1997 trial on Thomas's current commitment offense demonstrates: As Thomas was fleeing from sheriff's deputies who were responding to a shooting call, deputies observed Thomas throw an object that looked like a gun into a yard. A deputy went into the yard and recovered a loaded semiautomatic firearm. During questioning by a deputy, Thomas admitted he threw the gun while deputies were chasing him.

On January 28, 2015, after considering the parties' papers and exhibits and hearing oral argument, the trial court denied Thomas's petition to recall his sentence, finding Thomas was "ineligible for resentencing because, during the commission of the current conviction, he was armed with a firearm, which is a disqualifying crime under section 1170.126(e)(2) . . . ."

## DISCUSSION

Thomas contends the trial court erred in denying his petition to recall his sentence under section 1170.126 based on the court's finding Thomas was armed with a firearm during commission of the current offense (possession of a firearm by a felon) within the meaning of section 1170.12, subdivision (c)(2)(C)(iii). Thomas argues the fact he was armed with a firearm does not render him ineligible for resentencing under section 1170.126 because the arming was not tethered to an offense separate and apart from the arming itself.

As set forth above, under section 1170.126, subdivision (e)(2), an inmate is ineligible for resentencing if, "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person" within the meaning of section 1170.12, subdivision (c)(2)(C)(iii). (Italics added.) Courts that have interpreted this statutory language in a similar context have concluded a person convicted of the crime of possession of a firearm by a felon is disqualified from resentencing under section 1170.126 "if he or she was armed with a firearm during the unlawful possession of that firearm." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032; *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797;

3

*People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314, 1317; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054; *People v. White* (2014) 223 Cal.App.4th 512, 525-526.) Thomas has cited no case holding an inmate who was armed with a firearm when he committed the crime of possession of a firearm by a felon is eligible for resentencing if the arming was not tethered to an offense separate and apart from the possession of a firearm by a felon.

Based on substantial evidence in the record, there can be no dispute Thomas was armed with a firearm when he committed the crime of possession of a firearm by a felon. The firearm was not merely under Thomas's "dominion and control" at the time he committed the offense (e.g., in his bedroom during a search for which he was not present), it was "available for use." (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1030.) "It is clear the electorate's intent [in approving Proposition 36] was not to throw open the prison doors to *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*Id*. at p. 1038.)

We disagree with Thomas's assertion the cases cited above were all wrongly decided. Under the plain statutory language, a felon who commits the crime of possession of a firearm by a felon while armed with the firearm is disqualified from resentencing under section 1170.126. A felon who commits the crime of possession of a firearm by a felon while not armed with the firearm is not similarly disqualified.

The trial court properly denied Thomas's petition to recall his sentence.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


                                                            CHANEY, J.

We concur:

          ROTHSCHILD, P. J.                          LUI, J.

4