Filed 3/28/16  P. v. Soto CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B249197 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA044520) |
| v. | |
| ABELARDO SOTO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

Abelardo Soto appeals from the trial court order denying his petition for resentencing under the Three Strikes Reform Act of 2012 (hereafter, Proposition 36 or the Act). The Act amended Penal Code[1] sections 667 and 1170.12 (the Three Strikes law) to reduce the punishment for some third-strike offenses that are neither serious nor violent. The Act also added section 1170.126 to create a procedure by which some inmates already serving third-strike sentences may seek resentencing in accordance with the new sentencing rules.

Soto was convicted in 1998 of two drug offenses and being a felon in possession of a firearm, and he received a Three Strikes sentence of 28 years to life. In 2013, he filed a petition for recall of his Three Strikes sentence pursuant to section 1170.126. The trial court denied the petition on the ground that Soto had been armed with a firearm during the commission of his offenses within the meaning of sections 667, subd. (e)(2)(C)(iii), and 1170.12, subd. (c)(2)(C)(iii), which disqualified him from resentencing consideration. We affirmed this ruling on appeal (see *People v. Soto* (2014) formerly published at 228 Cal.App.4th 967, review granted October 15, 2014 (*Soto II*), but our Supreme Court subsequently granted Soto's petition for review and transferred the matter back to us for reconsideration in light of *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). We have received supplemental briefing from the parties and, as explained below, we again hold the trial court correctly determined that Soto was ineligible for resentencing under the Act.

## BACKGROUND

Viewed in accordance with the usual rules of appellate review (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence established the following.

On September 7, 1997, Los Angeles County Deputy Sheriff Randy Hasnas made a traffic stop on a white Buick being driven by Soto. Hasnas stopped the vehicle because Soto appeared to be drinking a beer as he was driving. Soto was alone in the vehicle, and when Hasnas walked up to the driver's side he saw a clear plastic bag containing a white substance on Soto's lap. Hasnas could also see "what appeared to be a grip of a handgun protruding from below the front seat." After Hasnas ordered Soto out of the Buick, he saw

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

an ammunition clip on the driver's seat. Soto had been sitting on the ammunition clip while he was driving. From underneath the car seat, Hasnas recovered a Colt semiautomatic .45-caliber handgun that was loaded with a second ammunition clip. The white substance inside the plastic bag was subsequently analyzed and found to contain 4.19 grams of cocaine.

Defense witness Peter Del Real testified that on September 6, 1997, the day before the traffic stop, he borrowed Soto's Buick to give a ride to a friend. Del Real testified he had a gun with him that day, which he placed under the car seat. Del Real identified the gun that Deputy Hasnas recovered as the same gun he had left in the Buick. Del Real testified that when he returned the Buick to Soto he neglected to say anything about the gun, which was out of sight underneath the front seat. Del Real testified he left one ammunition clip loaded into the gun, and that a second ammunition clip was sitting "on top" of the gun "just right there under the seat with the gun."

The jury convicted Soto of possessing a controlled substance (count 1), transporting a controlled substance (count 2), and being a felon in possession of a firearm (count 3). (Health & Saf. Code, §§ 11350, 11352, subd. (a); Pen. Code [former] § 12021, subd. (a)[2].) The jury found true an allegation that, in the commission of count 2, Soto had been personally armed with a firearm (§ 12022, subd. (c)). He also admitted two prior robbery convictions (667, subds. (b)-(i)). The trial court sentenced Soto as follows: on count 1, to a prison term of 25 years to life, plus three years for the firearm enhancement; on count 2, to a term of 25 years to life, which was then stayed under section 654 (the prohibition against multiple punishment)[3]; and, on count 3, to a concurrent term of 25 years to life.

---

[2]     The Deadly Weapons Recodification Act of 2010 repealed and recodified former sections 12000 to 12809 without substantive change. (§§ 16000, 16005, 16010.) Former section 12021, subdivision (a), was recodified without substantive change at section 29800, subdivision (a) operative January 1, 2012. (Cal. Law Revision Com. com., 14 Deering's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 921.)

[3]     Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

On appeal from the conviction, Soto contended that his sentence for the drug possession offense (count 1) should not have been enhanced by three years, a claim that was conceded by the Attorney General. In our 1999 decision in this matter (*People v. Soto* (Sept. 17, 1999, B122916) [nonpub. opn.] (*Soto I*))[4], we concluded the parties were correct and remanded for resentencing.

On remand, the trial court struck the enhancement and sentenced Soto to 25 years to life on count 1. The court then imposed the same sentences on counts 2 and 3 that had been imposed originally, and the sentence on count 2 was again stayed under section 654.

In 2013, after Proposition 36 was enacted, Soto sought resentencing. The superior court (Judge William C. Ryan) denied Soto's petition to recall his sentence on the ground that his "current offense falls under Penal Code section 667(e)(2)(C)(iii) [armed with firearm during commission of current offense], making Defendant ineligible for resentencing under Penal Code section 1170.126."

In his appeal to this court from the denial of his resentencing petition, Soto argued that even if his count 2 arming enhancement disqualified him from Proposition 36 resentencing on count 2, he was still eligible for resentencing on the other counts. We disagreed, holding that Soto's count 2 conviction rendered him entirely ineligible for resentencing. (*Soto II*)

Soto petitioned for review. The Supreme Court granted review and deferred further action pending its consideration of a related issue in other cases. The Supreme Court thereafter transferred the matter back to this court for reconsideration in light of its 2015 decision in *Johnson*, *supra*, 61 Cal.4th 674.

The *Johnson* decision held that Proposition 36 "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike

---

[4]   We take judicial notice of this unpublished opinion. (Evid. Code, § 452 subd. (d); Cal. Rules of Court, rule 8.1115(b).)

4

sentence of 25 years to life." (*Johnson*, *supra*, 61 Cal.4th at p. 688.) We now reconsider our decision in *Soto II* in light of *Johnson*.

**DISCUSSION**

1. *The Act.*

*Johnson*, *supra*, 61 Cal.4th 674, summarized the Act's purpose and provisions as follows:

"Prior to its amendment by the Act, the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent. (Former §§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A).)[5] The [prospective portions of the] Act[6] amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); see §§ 667.5, subd. (c) [list of violent felonies], 1192.7 [list of serious felonies], 1192.8 [additional serious felonies for purposes of § 1192.7].)

"The Act's exceptions to the new sentencing provisions relate to a defendant's current offense and prior offenses. If the current offense involves controlled substances and specified findings are made concerning the quantity of controlled substances involved, or if the current offense is among specified sex offenses, a defendant with two or more strikes must be sentenced to a term of at least 25 years to life. [Fn. omitted.] (§§ 667,

---

**5**     "The Three Strikes law was enacted twice in 1994, first by the Legislature (§ 667, subds. (b)-(i); Stats. 1994, ch. 12, § 1, p. 71), and thereafter by the voters by way of Proposition 184 (§ 1170.12; [citation])." (*Johnson*, *supra*, 61 Cal.4th at p. 681, fn. 1.)

**6**     The prospective provisions of the Act (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)) apply to individuals whose "current" offense is committed after the effective date of the Act.

5

subd. (e)(2)(C)(i)-(ii), 1170.12, subd. (c)(2)(C)(i)-(ii).) A third strike sentence is also required if, '[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Finally, a defendant will be excluded from the new sentencing provisions if he or she suffered a prior conviction for . . . [certain offenses listed in § 667, subd. (e)(2)(C)(iv) and § 1170.12, subd. (c)(2)(C)(iv) which are sometimes referred to as] 'super strikes.' [Citation, fn. omitted.]

"In addition to reducing the sentence to be imposed for some third strike felonies that are neither violent nor serious, the Act provides a procedure by which some prisoners already serving third strike sentences may seek resentencing in accordance with the new sentencing rules. (§ 1170.126.) 'An inmate is eligible for resentencing if . . . [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . .' (§ 1170.126, subd. (e)(1).) Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions set forth in section 667, subdivision (e)(2)(C) and section 1170.12, subdivision (c)(2)(C) are present. (§ 1170.126, subd. (e).) In contrast to the rules that apply to sentencing, however, the rules governing resentencing provide that an inmate will be denied recall of his or her sentence if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Johnson*, *supra*, 61 Cal.4th at pp. 680-682.)

2. *The trial court correctly ruled that Soto was ineligible for resentencing.*

In this appeal, Soto solely contends the trial court erred in finding he is ineligible for Proposition 36 resentencing on his *count 3 conviction* for being a felon in possession of a firearm.[7] We disagree.

---

[7] Soto asserts that he is challenging only the trial court's denial of his resentencing petition as to count 3 because he will be eligible to have his count 1 drug possession conviction reduced to a misdemeanor under Proposition 47.

6

a. *Legal principles.*

Soto's ineligibility for resentencing depends on whether, *during* his violation of former section 12021 for *possessing* a firearm, he was also *armed* with a firearm. (See §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

" 'The statutory elements of a violation of section 12021, subdivision (a)(1), . . . are that a person, who has previously been convicted of a felony, had in his or her *possession* or under his or her custody or control any firearm.' [Citation.] Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm . . . such an act is not an essential element of a violation of former section 12021, subdivision (a), because a conviction of this offense may also be based on a defendant's constructive possession of a firearm. [Citations.] 'To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person.' [Citation.] Hence, while the act of being armed with a firearm – that is, having ready access to a firearm [citation] – necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it." (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 795.)

"[A]rming under the sentence enhancement statutes does not require that a defendant utilize a firearm or even carry one on the body. A defendant is *armed* if the defendant has the specified weapon available for use, either offensively or defensively. [Citations.] As a recent Court of Appeal decision observed, 'a firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.] Therefore, '[i]t is the availability – the ready access – of the weapon that constitutes arming.' [Citation.]" (*People v. Bland* (1995) 10 Cal. 4th 991, 997 (*Bland*).)

As a result of these principles, "not *every* commitment offense for unlawful possession of a gun *necessarily* involves being armed with the gun, if the gun is not otherwise available for immediate use in connection with its possession, e.g., where it is under a defendant's dominion and control in a location not readily accessible to him at the time of its discovery." (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1313-1314.) "A

7

firearm can be under a person's dominion and control without it being available for use. For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use. Accordingly, possessing a firearm does not necessarily constitute being armed with a firearm." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030, fn. omitted.)

Numerous cases have concluded that, under Proposition 36, a conviction for being a felon in possession of a firearm disqualifies an inmate from resentencing if the nature of that possession amounted to arming as defined in *Bland*. (See, e.g., *People v. White* (2014) 223 Cal.App.4th 512, 525-526 [defendant who tossed away handgun while running from police found to be armed with a firearm and disqualified for purposes of resentencing]; *People v. Hicks* (2014) 231 Cal.App.4th 275, 280, 284 [after defendant detained at front gate of apartment complex, gun was found inside his backpack in apartment he had been visiting and he was found to be armed and disqualified from resentencing]; *People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 796-797 [defendant who threatened his girlfriend with shotgun during argument was found to be armed and not entitled to resentencing]; *People v. Elder*, *supra*, 227 Cal.App.4th at p. 1317 [police found defendant outside his apartment and, inside, found gun on cabinet shelf and second gun in bedroom safe; defendant was found to be armed with a firearm and thus ineligible for resentencing].)

Soto concedes that "a defendant's weapon possession may amount to arming" that "will disqualify a defendant" from resentencing, but he argues we cannot reach that result in his case because of a ruling we made in his direct appeal. Soto had claimed that punishing him for both count 2 (transporting cocaine) and count 3 (felon in possession of a firearm) violated the prohibition against multiple punishment (§ 654). We rejected this claim, pointing out that the evidence demonstrated the gun had been in his car "as early as September 6, 1997 [i.e., the day before the traffic stop], but [he] first transported the cocaine the next day and, therefore, that [he] had multiple criminal objectives. [¶] Moreover, *even if* [*Soto*] *only simultaneously transported the cocaine and possessed the firearm, for all the*

8

*record reflects, that transportation and possession were simply fortuitous and unrelated*." (*Soto I* [nonpub. opn.] at p. 14, italics added.)

Contrary to the implication of Soto's argument, there need not be a *facilitative* nexus[8] between the inmate's "current offense" (here being a felon in possession of a firearm) and the disqualifying factor of "being armed during the commission of that offense." "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '[*d*]*uring* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1993) p. 703.) *Thus, there must be a temporal nexus between the arming and the underlying felony, not a facilitative one*. The two are not the same. [Citation.]" (*People v. Hicks*, *supra*, 231 Cal.App.4th at pp. 283-284, italics added; accord *People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 798-799; *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1032.)

---

[8] For *enhancement* purposes, "a defendant is armed if the gun has a facilitative nexus with the underlying offense (i.e., it *serves* some purpose in connection with it)." (*People v. Brimmer*, *supra*, 230 Cal.App.4th at pp. 794-795.) This concept of "facilitative nexus" was explained by *Bland*, *supra*, 10 Cal.4th at p. 1002: "[F]or a defendant to be subject to additional punishment for being armed with a firearm, California law requires the 'arming' to be 'in the commission or attempted commission' of the underlying felony. (§ 12022, subd. (a)(1).) With respect to felony drug possession [for instance], a defendant is armed 'in the commission' of that crime so long as the defendant had the firearm available for use in furtherance of the drug offense at some point during the defendant's possession of the drugs. Thus, by specifying that the added penalty applies only if the defendant is armed with a firearm 'in the commission' of the felony offense, section 12022 implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense. Evidence that a firearm is kept in close proximity to illegal drugs satisfies this 'facilitative nexus' requirement: a firearm's presence near a drug cache gives rise to the inference that the person in possession of the drugs kept the weapon close at hand for 'ready access' to aid in the drug offense."

Here, the only evidence regarding the gun was Deputy Hasnas's testimony that he found it inside Soto's car during the traffic stop, and Del Real's testimony that – on the day before the traffic stop – he placed the gun under Soto's car seat. The question for the jury was whether Soto *knew* the gun was in his car; there was no claim by the prosecution that Soto was guilty because he had constructive possession of the gun at some other point in time when it was a great distance from his person.

The jury had been instructed that, in order to convict Soto of the section 12021 charge, "each of the following elements must be proved: [¶] 1. The defendant owned, had in his possession, or had under his control a handgun; [¶] and [¶] 2. The defendant had knowledge of the presence of the handgun." During closing argument, the prosecutor told the jury that the gun was "right underneath the seat. It is in an area where [Soto] is able to exercise control over [it]," the gun was "visible, visible to the deputies outside the car, must be visible to him inside the car," the gun "was sticking out underneath from the seat," and Soto had even been "sitting on one of the ammunition clips."

It is clear that Soto's felon-in-possession conviction was based on the jury's implicit conclusion that "he had a firearm capable for ready use, *during the commission of that offense*, [therefore] the armed with a firearm exclusion applies and, thus, [Soto] is not entitled to resentencing relief under the Act." (*People v. Brimmer*, *supra*, 230 Cal.App.4th at p. 805, italic added.) Because there was a temporal nexus between the arming and the underlying felony of being a felon in possession of a firearm, the trial court properly ruled that Soto was ineligible for resentencing under Proposition 36.

**DISPOSITION**

The post-judgment order denying Soto's petition and declaring him ineligible for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN, J.