Filed 4/20/16  P. v. Contreras CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE DIAZ CONTRERAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B266960<br>(Super. Ct. No. BA196456)<br>(Los Angeles County) |

In June 2000, Jorge Diaz Contreras was convicted of possession of a firearm by a felon.  (Former Pen. Code, § 12021, subd. (a)(1).)[1]  He was sentenced as a third strike offender to a term of 25 years to life.  After the voters adopted Proposition 36, the Three Strikes Reform Act of 2012 (§ 1170.126), appellant filed a petition to recall his sentence.  The trial court denied the petition on the ground that appellant is ineligible for resentencing because he was armed with a firearm during the commission of the offense.  Appellant contends the trial court erred because the exclusion for felons who are armed "during the commission of the current offense" should not apply where being armed is an element of the current offense.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Facts*

Our unpublished opinion affirming appellant's current conviction described his offense as follows: "Los Angeles Police Officers Grasso and Villalobos saw appellant and another man run across the street in front of their patrol car at about 2:00 a.m. Officer Grasso saw appellant remove a dark object from his pants pocket and toss it to the sidewalk. Believing the item was a gun, the officers detained both men. After the men were handcuffed, Officer Grasso found the item appellant discarded. It was a .25 caliber semiautomatic handgun." (B142149 [Op. by Yegan, J., Gilbert, P. J. and Perren, J. concurring].) Appellant had prior felony convictions for burglary and robbery.

*Discussion*

Proposition 36 amended the Three Strikes law to provide that a sentence of 25 years to life shall be imposed only if the current offense is a serious or violent felony or the prosecution pleads and proves an enumerated qualifying exception. (§§ 667, subd. (e)( 2)(C); 1170.12, subd. (c)(2)(C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285-1286.) It "also added section 1170.126 which creates a postconviction release proceeding 'intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph ( 2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.' (§ 1170.126, subd. (a).)" (*People v. Yearwood, supra*, 213 Cal.App.4th at p. 170.)

Section 1170.126 provides that an offender serving a Three Strikes sentence may be eligible for resentencing where the current felony conviction is not for a serious or violent felony. (*Kaulick, supra*, 215 Cal.App.4th at p. 1293.) If the statutory eligibility criteria are satisfied and none of the exclusions apply, the trial court determines whether imposition of a Two Strikes determinate term would pose an unreasonable risk of danger to public safety, and resentences the offender accordingly. (§ 1170.126, subd. (f); *Kaulick, supra*, 215 Cal.App.4th at p. 1293.)

2

An offender is statutorily ineligible for resentencing under Proposition 36 if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).) The trial court found appellant was ineligible for resentencing because he was armed with a firearm. Appellant urges us to hold that the exclusion applies only where the offender's status of being "armed with a firearm" is an "addition to," and not solely an element of, the current offense.

We reject appellant's interpretation of the exclusion, as have numerous other courts. (See, e.g., *People v. Hicks* (2014) 231 Cal.App.4th 275; *People v. Brimmer* (2014) 230 Cal.App.4th 782; *People v. Elder* (2014) 227 Cal.App.4th 1308; *People v. Osuna* (2014) 225 Cal.App.4th 1020; *People v. Blakely* (2014) 225 Cal.App.4th 1042; *People v. White* (2014) 223 Cal.App.4th 512.) As the court reasoned in *People v. White, supra*, "the [Three Strikes] Reform Act [of 2012] is intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession. (Voter Information Guide, [Gen. Elec. (Nov. 6, 2012)] text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105.)" (*People v. White, supra*, 223 Cal.App.4th at p. 526.) Where an offender with numerous prior serious or violent felony convictions is found to be in physical, rather than constructive, possession of a firearm, that offense "cannot be deemed a petty or minor crime . . . ." (*Ibid.*)

Nothing in the statute requires the "arming" to be "in addition to," simple possession of a firearm. Rather the statute disqualifies an inmate from resentencing if, "'[d]uring the commission of the current offense, the defendant . . . was armed with a firearm . . . .'" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) The phrase "'armed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. [Citations.]" (*People v. Osuna, supra*, 225 Cal.App.4th at p. 1029.) "'It is the availability-the ready access-of the weapon that constitutes the arming.' [Citation.]" (*People v. Bland* (1995) 10 Cal.4th 991, 997.) In addition, the statutory exclusion applies where the offender was

3

armed "*during* the commission of" his or her current offense. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), emphasis added.) This requires "a temporal nexus between the arming and the underlying felony, not a facilitative one." (*People v. Osuna, supra*, 225 Cal.App.4th at p. 1032. See also *People v. White, supra*, 223 Cal.App.4th at p. 527; *People v. Hicks, supra*, 231 Cal.App.4th at p. 284.)

This reasoning excludes appellant from resentencing under Proposition 36. Appellant was carrying a .25 caliber semiautomatic handgun in his pocket when he saw police officers and attempted to dispose of the firearm. At the time, appellant had four prior convictions of serious or violent felonies. When he was arrested for the current offense, appellant was in actual, physical possession of the firearm, not simply constructive possession of it. He was, therefore, armed with a firearm within the meaning of the statute.

### Conclusion

The order denying appellant's resentencing petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


We concur:



GILBERT, P. J.



PERREN, J.


4

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.