Filed 4/28/16  P. v. Robancho CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070455 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SC067623A) |
| NORBERTO ROBANCHO, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Detjen, J. and Peña, J.

## INTRODUCTION

Appellant Norberto Robancho was sentenced in 1996 to a term of 25 years to life, after suffering a strike conviction for being a felon in possession of a firearm. In 2014, he petitioned for resentencing pursuant to Penal Code section 1170.126.[1] Robancho contended he was not disqualified from resentencing pursuant to section 1170.126, subdivision (e)(1)–(3). The trial court denied the petition on the grounds Robancho was statutorily ineligible. Robancho appealed. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Robancho was convicted by a jury in 1996 of being a felon in possession of a firearm, a violation of former section 12021, subdivision (a) (now § 29800, subd. (a)(1)). The jury also found true the allegations that Robancho had suffered three prior strike convictions and served one prior prison term. The trial court sentenced Robancho to a term of 25 years to life, plus one year for the prison term prior.

The probation report prepared in the 1996 case discloses that officers heard a gunshot, spotted Robancho standing in the area from which they heard the gunshot and, when officers approached, Robancho took off running. Robancho was apprehended and officers found a .38-caliber gun with three live rounds, one spent casing, and two empty chambers nearby.

Officers determined Robancho was on parole. Robancho told the officers that he had argued with his girlfriend and fired the gun into the air. When he spotted the officers heading toward him, he became scared, threw the gun down, and ran.

Robancho appealed his 1996 conviction, which was affirmed by this court in its nonpublished opinion in case No. F027707. (*People v. Robancho* (July 10, 1998, F027707) [nonpub. opn.].) The nonpublished opinion contains a brief recitation of the

---

[1]     References to code sections are to the Penal Code unless otherwise specified.

underlying facts, including the admission that Robancho had been in possession of and fired the weapon.

On August 8, 2014, Robancho filed a petition for recall of sentence and resentencing pursuant to section 1170.126. The moving papers admitted that Robancho previously had been convicted of two counts of robbery in 1982 and a first degree burglary in 1992. Robancho argued that his 1996 conviction for which he was serving 25 years to life, possession of a firearm by a felon, was a nonviolent, nonserious offense that did not disqualify him from resentencing. The People filed opposition to the petition.

The trial court held a hearing on the petition on October 28, 2014. The trial court reviewed the petition, the People's opposition, the preliminary hearing transcript, and this court's opinion in case No. F027707. The trial court denied the petition, finding that Robancho "is not eligible in that he was armed with a firearm during the commission of this offense."

On November 5, 2014, Robancho filed a notice of appeal of the denial of his petition. Appellate counsel was appointed on March 9, 2015. The record was augmented on April 28, 2015.

## DISCUSSION

On May 22, 2015, appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. That same day, this court issued its letter to Robancho inviting him to submit supplemental briefing. No supplemental brief was filed.

In ruling on a section 1170.126 petition, the trial court makes factual findings using the preponderance of the evidence standard. (Evid. Code, § 115.) The only evidence before the trial court at the hearing on the petition was that Robancho had admitted being in possession of and firing the weapon, which was set forth in the factual summary in the opinion in case No. F027707.

It is proper for a trial court to rely on the factual statements in the appellate opinion issued in case No. F027707 in determining whether Robancho was armed during

3.

the commission of his felon-in-possession offense; it is part of the record. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 285–286.) The trial court properly makes factual findings on whether a defendant was "armed with [a firearm]" for purposes of section 1170.126. (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1317.) The defendant is "'armed with a firearm'" and ineligible for relief under section 1170.126, if the defendant had the firearm available "for offensive or defensive use." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1030.) Here, Robancho had the firearm available for defensive or offensive use; he admitted firing the weapon and tossing it when officers came after him.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The October 28, 2014, order denying the section 1170.126 petition is affirmed.

4.