Filed 6/29/16  P. v. Carrillo CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANKLIN RAMIREZ CARRILLO,<br><br>    Defendant and Appellant. | B264687<br><br>(Los Angeles County<br>Super. Ct. No. KA032163) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Robert C. Schneider, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Franklin Ramirez Carrillo appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36, approved by the voters on November 6, 2012, amending Penal Code sections 667 and 1170.12,[1] and adding section 1170.126 (the Act). (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1010.) He contends the trial court erred when it found him ineligible because he was armed with a firearm during the commission of his final strike offense in 1996. We find no error and affirm.

At Carrillo's 1997 trial, two Los Angeles County Sheriff's Department deputies, Stewart Sandecki and Anthony Santos, testified. While conducting a routine traffic stop, Deputy Sandecki saw Carrillo carrying a car stereo and walking toward him on the opposite side of the street. Deputy Sandecki turned his attention from the traffic stop and asked Carrillo to approach him. Carrillo dropped the stereo, turned around, and ran away. Deputy Sandecki, followed by his partner Deputy Santos, chased Carrillo for approximately 200 yards. From approximately 25 feet behind Carrillo, Deputy Sandecki saw Carrillo reach down the left side of his body and retrieve what Deputy Sandecki believed to be a handgun. Carrillo slowed down and threw the object under a nearby car. Deputy Sandecki instructed Deputy Santos to recover the object while Deputy Sandecki continued pursuit. Deputy Santos recovered a .25 caliber semi-automatic handgun from under the car. The handgun was unloaded. For safety purposes, Deputy Santos removed the empty ammunition clip from the handgun and brought it to Deputy Sandecki, who had lost sight of Carrillo. After Deputy Sandecki set up a containment area and called for a dog unit, Carrillo emerged from his hiding place under a truck; the deputies took him into custody. Deputy Sandecki found a small clip-on handgun holster under the truck.

The jury convicted Carrillo of unlawful possession of a firearm by a felon (former § 12021, subd. (a)(1)). The trial court also found true that Carrillo had suffered two serious and violent felony convictions under the "Three Strikes" law, and sentenced him

---

[1] All subsequent statutory references are to the Penal Code.

to 27 years to life in state prison.  Carrillo appealed his sentence and we affirmed.  (*People v. Carrillo* (Feb. 26, 1998, B110522) [nonpub. opn.].)

In January 2013, Carrillo petitioned for a recall of his sentence, and the trial court filed an order to show cause why relief should not be granted.  The district attorney filed an opposition arguing Carrillo was ineligible for resentencing because he was armed with a firearm during the commission of his offense and unsuitable for resentencing, as he is an unreasonable danger to society and public safety.  (§§ 667, subd. (e)(2)(C)(iii); 1170.126, subds. (e)(2), (f).)  Carrillo filed a reply addressing only the eligibility issue, citing California case law regarding the "arming" provision.[2]  At a hearing on June 1, 2015, the trial court stated that Carrillo "had a [.]25 caliber handgun that he tossed when he was observed by police . . . where it could be available for offensive or defensive use" and concluded he was legally ineligible, as he was armed with a firearm during the commission of his offense.  The court denied Carrillo's petition, and he filed a timely appeal.

An inmate is eligible for resentencing under section 1170.126, subdivision (e)(2) if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in . . . clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  Those sections prohibit treating a third striker as a second striker for purposes of sentencing if "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), italics added.)  Carrillo, citing principles of statutory construction and voter intent, argues he was not armed at the time of the commitment of the offense because a conviction of felon in possession cannot be the basis of an armed finding, because being armed is an element of a possession offense.  Carrillo also advances a

---

[2] Carrillo also raised federal arguments in order to preserve the issues, should he decide to pursue litigation in federal court.

similar argument that being armed with a firearm must be "tethered" to another offense before the crime renders a defendant ineligible for resentencing.

Despite Carrillo's novel interpretation of the Act and his contention that he cannot be found to be armed with the handgun when the offense of conviction is possession and the arming is not "tethered" to another offense, all authority is to the contrary. All appellate courts deciding these issues have concluded that a defendant is ineligible for resentencing whenever the record shows the defendant was in actual physical possession of the firearm, and therefore not only possessed the firearm but was armed with it. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 283–284; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312–1314, 1317; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.) "Where, as here, the record shows that a defendant convicted of possession of a firearm was armed with the firearm during the commission of the offense, the armed with a firearm exclusion applies and the defendant is not entitled to resentencing . . . under the Act." (*People v. Brimmer*, *supra*, 230 Cal.App.4th at p. 797.) Here, Carrillo was carrying the handgun on his person and was in actual physical possession of the handgun, and thus he was armed with a firearm.

It is true that "[a] firearm can be under a person's dominion and control without it being available for use. For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use. Accordingly, possessing a firearm does not necessarily constitute being armed with a firearm." (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1030.) Under the circumstances in this case, however, Carrillo was in actual physical possession of a handgun and the gun was readily "available for use, either offensively or defensively" before and during his flight from law enforcement. (*People v. Bland* (1995) 10 Cal.4th 991, 997.)

4

Further, we reject Carrillo's contention that the electorate and their legislators do not see this crime as one of the more dangerous crimes that require lengthy detention. The intent of the electorate was for Proposition 36 to apply "only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1038.)

As Carrillo was in actual physical possession of the handgun which was readily available for offensive or defensive use, he was armed with a firearm during his commission of the offense of being a felon in possession of a firearm, and is ineligible for recall of his sentence. The trial court correctly denied Carrillo's recall petition.

### DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.