Filed 9/6/16  P. v. Tyler CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JESSE LEE TYLER,<br><br>      Defendant and Appellant. | B266089<br><br>(Los Angeles County<br>Super. Ct. No. TA045711) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jesse Lee Tyler, who in 1996 was convicted of possession of a firearm by a felon and sentenced to 25 years to life in prison, appeals from an order denying his petition to recall the sentence pursuant to Penal Code section 1170.126.[1] He contends the trial court erred in finding him ineligible for resentencing because he had been armed with and used a firearm during the commission of his final strike offense. We find no error and affirm.

## BACKGROUND

On July 11, 1996, Tyler approached Anthony Webster in the garage of an apartment complex and asked for directions to the elevator. After a brief conversation, Webster entered the elevator, but as the doors were closing Tyler forced them open, pulled out a gun, and pointed it at Webster. Webster grabbed Tyler in response, and during the ensuing struggle Tyler fired three shots, the last of which struck Webster in the forearm.

Tyler pleaded guilty to possession of a firearm by a felon (former § 12021.1, subd. (a)(1)) and admitted he had suffered three prior "strike" convictions for robbery. The trial court sentenced him under the "Three Strikes" law to 25 years to life in prison.

In December 2012, Tyler filed a petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36, approved by the voters on November 6, 2012, which permits an inmate serving an indeterminate life sentence under the Three Strikes law for a nonviolent, nonserious felony to seek a new, lesser sentence unless resentencing would pose an unreasonable risk to public safety. (§ 1170.126, subds. (b), (e), (f).) After reviewing victim testimony given at the preliminary hearing, the trial court found Tyler was ineligible for resentencing because he had been armed with and used a firearm during the commission of his offense.

Tyler timely appealed.

## DISCUSSION

Tyler contends he is eligible for resentencing. We disagree.

---

[1] All further statutory references will be to the Penal Code.

Section 1170.126 was added as part of the Three Strikes Reform Act. (Voter Information Guide, text of Prop. 36, § 6, pp. 109-110.) Among its stated purposes, as explained to voters, was to require "life sentences only when a defendant's current conviction is for a violent or serious crime" and to ensure "that repeat offenders convicted of non-violent, non-serious crimes like shoplifting and simple drug possession will receive twice the normal sentence instead of a life sentence." (*Id*., § 1, p. 105.) In accordance with these goals, section 1170.126 permits an inmate serving an indeterminate life sentence under the previous version of the Three Strikes law to petition for recall of the sentence and resentencing to a term that would have been imposed under the revised law.

But subdivision (e)(2) of section 1170.126 provides that an inmate is ineligible for resentencing if the current sentence was imposed for an offense described in subdivision (e)(2)(C) of section 667. (§ 1170.126, subd. (e)(2); *People v. Hicks* (2014) 231 Cal.App.4th 275, 282.)[2] Among the offenses described in subdivision (e)(2)(C) of section 667 is any offense during the commission of which "the defendant used a firearm [or] was armed with a firearm or deadly weapon." (§ 667, subd. (e)(2)(C)(iii).)[3]

Here, the trial court found, based upon victim testimony given at the preliminary hearing, that Tyler had been armed with and used a firearm during the commission of his current offense. (He shot the victim.)

Tyler does not dispute this finding, but argues that having been armed during the commission of his offense (possession of a firearm by a felon) does not disqualify him from resentencing under Proposition 36 because being armed is an element of the

---

[2] Subdivision (e)(2) of section 1170.126 provides in pertinent part that an inmate is eligible for resentencing if the "inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 . . . ."

[3] Subdivision (e)(2)(C)(iii) of section 667 disqualifies a defendant from relief under Proposition 36 if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."

3

offense. Therefore, he argues, the armed with a firearm exclusion applies only when being armed is "tethered" to another offense. The argument is without merit. Where "the record shows that a defendant convicted of possession of a firearm was armed with the firearm during the commission of the offense, the armed with a firearm exclusion applies and the defendant is not entitled to resentencing . . . under" Proposition 36. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 797; accord *People v. Hicks*, *supra*, 231 Cal.App.4th at pp. 283-284; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314, 1317; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.) Here, Tyler was armed with and used a gun during the commission of his possession offense, which sufficed for the firearm exclusion to apply.

Tyler argues our interpretation of the exclusion as applied to a possession offense renders the exclusion superfluous, as all firearm possession involves being armed. The argument is without merit. "A defendant possesses a weapon when it is under his dominion and control." (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083.) "A defendant is *armed* if the defendant has the specified weapon available for use, either offensively or defensively." (*People v. Bland* (1995) 10 Cal.4th 991, 997.) "A firearm can be under a person's dominion and control without it being available for use. For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed. The parolee is in possession of the firearm, because it is under his dominion and control. If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use. Accordingly, possessing a firearm does not necessarily constitute being armed with a firearm." (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1030.)

Under the circumstances in this case, Tyler both possessed a firearm and had it readily available for use during his encounter with Webster. He was thus "armed" within the meaning of Proposition 36, which renders him ineligible for resentencing. The trial court correctly denied his recall petition.

4

## DISPOSITION

The order dismissing Tyler's petition is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

WE CONCUR:

ROTHSCHILD, P. J.

LUI, J.